## J. F. RAY ET AL. v. MARY ALEXANDER ET AL.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY.

Argued October 20, 1891—Decided January 4, 1892.

A devise of the testator's residuary estate to a daughter, "to be held by her in fee-simple: Provided, nevertheless, that in case she should die without leaving lawful issue, then" to be divided equally among the children of the testator's brother, imported an indefinite failure of issue, and created an estate-tail enlarged to a fee-simple by § 1, act of April 27, 1855, P. L. 368.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 65 August Term 1890, Sup. Ct.; court below, No. 65 August Term 1890, C. P.

On May 19, 1890, James F. Ray and Margaret, his wife, for the use of said Margaret, brought ejectment against Mary Alexander and R. V. Johnson, executor, for a tract of land in North Strabane tp., containing about one hundred and thirty-five acres. Issue.

The cause being called for trial, on March 10, 1891, the parties filed a case stated in the nature of a special verdict, as follows :

" On or about the second of October, 1874, Samuel Alexander, of the county of Washington, Pennsylvania, died seised in his demesne as of fee of and in a certain tract of land situate in North Strabane township, Washington county, Pa., adjoining lands of Rev. T. B. VanEman, William Meggs, and the Canonsburg Coal Company, Limited, containing one hundred and thirty-five acres, more or less, and being the tract of land described in the writ issued in this case; and by his last will and testament, dated —— day of June, 1874, probated the twelfth of October, 1874, in will book 10, page 275, in the register's office of Washington county, a copy of which is hereto attached and made a part of this case stated, he provided inter alia as follows :

" 'Fourth. All the rest and residue of my estate, real, personal or mixed, I bequeath and devise to my daughter, Elizabeth Alexander, (subject to the right of dower of my wife Mary therein), to be held by her in fee simple : Provided, nevertheless, that in case she shall die without leaving lawful issue, then it is my will that the property above devised to her shall be equally divided amongst the children of my brother, Dr. J. W. Alexander.'

" Elizabeth Alexander, devisee above named, arrived at the age of twenty-one years on the twenty-first day of May, 1884, and died on the tenth day of December, 1889, unmarried and without issue ; and, by her last will and testament, dated October 3, 1889, and probated on the sixth day of January, 1890, in will book No. 13, page 124, in the register's office of Washington county, Pa., a copy of which is hereto attached and made part of this case stated, after making certain bequests, she provided inter alia as follows :

" 'Fourth : I give and bequeath to my mother, Mary Alexander, all the balance of my estate. I do hereby constitute and

Opinion of Court below.

appoint my cousin R. V. Johnson, as executor of this my last will and testament.   I do hereby authorize and direct my executor to sell and convey at public or private sale, my farm in North Strabane township, Washington county, Pa., adjoining lands of Rev. T. B. VanEman, Wm. Meggs, and the Canonsburg Coal Company, containing one hundred and thirty-five acres.'

" The tract so directed to be sold is the same as that devised to the said Elizabeth by her father, and for which this action of ejectment is brought.   Margaret Ray, the plaintiff, is a child of the said Dr. J. W. Alexander, and as such claims to be entitled to her proportionate interest in said property, under the provisions of the will of the said Samuel Alexander, above referred to.

" The children of the said Dr. J. W. Alexander, living at the date of the death of the said Elizabeth Alexander, are William H. Alexander, Lola Alexander, Mary Elizabeth, intermarried with Thomas Yates, and the said Margaret, intermarried with James F. Ray ; and they were living at the time the testator made his will.

" If the court be of the opinion that, under the facts stated, the title to said property upon the death of said Elizabeth Alexander vested in the children of Dr. J. W. Alexander, then judgment is to be entered in favor of the plaintiff for the undivided one fourth of the said tract of land, subject to the dower of the said Mary Alexander therein.   But, if the court be not of that opinion, then judgment to be entered in favor of the defendant, costs to follow judgment ; either party reserving the right to sue out a writ of error or an appeal thereon, as the case may be."

The will of Samuel Alexander, deceased, a copy of which was attached, gave certain pecuniary and specific legacies in the first, second and third paragraphs, the fourth paragraph being as set forth in the case stated.

After argument, the court, McILVAINE, P. J., filed the following opinion and decree:

The contention, in this case, arises under the fourth item of the will of Samuel Alexander, deceased, which reads as follows :

" Fourth.  All the rest and residue of my estate, real, personal or mixed, I bequeath and devise to my daughter, Elizabeth

Alexander, (subject to the right of dower of my wife Mary, therein,) to be held by her in fee-simple : Provided, nevertheless, that in case she should die without leaving lawful issue, then it is my will that the property above devised to her shall be equally divided amongst the children of my brother, Dr. J. W. Alexander."

Had Elizabeth Alexander a fee-simple title in the real estate of her father under this clause of his will, which passed by her will to the persons therein named; or, by the death of Elizabeth Alexander, unmarried and without issue, did the title vest in Margaret Ray, the use plaintiff, and the other children of Dr. J. W. Alexander?

In seeking for a precedent which may aid us in coming to a proper conclusion on this question, it is unnecessary to go farther back than the Pennsylvania leading case of Eichelberger v. Barnitz, 9 W. 447. Michael Carle devised certain real estate to his two sons, Adam and Henry, their heirs and assigns forever, and in a subsequent clause of the will provided as follows : " Because my son Henry is not yet married, that if he should die without leaving any lawful issue, that then his full share shall fall or go in equal share to my three children, Adam and Anna Mary and Susannah, to one of them as much as to the other." Mr. Justice SERGEANT, delivering the opinion of the Supreme Court on the question, what title did Henry Carle take in the real estate devised to him by his father, said :

" The principle has now become a settled rule of property, in relation to lands, that if a devise be made to one in fee, and if he die without issue, or on failure of issue, or for want of issue, or without leaving issue, then over to another in fee, the estate of the first taker is a fee-tail, which, if he have issue, passes to them ad infinitum by descent as tenants in tail. The estate vests in the first taker fully, and to all intents and purposes as a fee-tail; and any devise over after the failure of such, must of course be after an indefinite failure of issue, and bad as an executory devise."

The authority of this case has been recognized by the Supreme Court in at least thirty reported cases, the last one to our knowledge being Hackney v. Tracy, 137 Pa. 53. In that case, Mr. Justice GREEN says :

" We have repeatedly said that the case of Eichelberger v.

Opinion of Court below.

Barnitz has never been shaken, and it is certainly the law of the state at. the present time. There. have undoubtedly been cases in which we have held that, where language somewhat similar was used, ' the failure of issue ' upon which the estate of the first taker was to determine, was a definite, and not an indefinite failure of issue ; but in all these cases, some particular reasons, founded upon the language of the will indicating that the testator intended a definite failure of issue, controlled the decision. It was contended for the appellants that such a reason exists in the present case, in the fact that the limitation over is to the sister Mary, by name, and that, she being a living person at the death of the testator, a definite failure of issue. must have been intended, and that such a limitation was not too remote to sustain an executory devise. There are cases in which such a fact is held important, in connection with other considerations. But, standing alone, it is clearly not sufficient, as has been held in many of the cases. Thus, in Eichelberger v. Barnitz, the limitation over was to the testator's ' other three children, Adam and Anna Mary and Susannah.' They were the testator's own children, and were specifically named as second takers, which might be well urged against the failure of issue being regarded as indefinite, yet it was so held."

In the language of the will of Samuel Alexander we can find nothing to indicate that by the words, " without leaving lawful issue," he intended a definite failure of issue. As a matter of fact he may have so intended, but such intention cannot be found, either expressed or implied, within the four corners of his will. In apt language he made the devise in favor of the plaintiff, and the other children of Dr. J. W. Alexander, depend upon an indefinite failure of issue, and created an estate-tail in his daughter, Elizabeth Alexander, which, by operation of our act of 1855, became a fee-simple estate in her, subject to her testamentary disposition. And, the daughter having devised the farm to others than the use plaintiff, she cannot recover in this action. The devise over to the children of Dr. J. W. Alexander is void.

And now, March 30, 1891, judgment upon the facts stated and submitted in the nature of a special verdict, is entered against the plaintiffs and in favor of the defendants for the

Opinion of the Court.

land described in the writ of ejectment, and for the costs of this suit.

—Thereupon, the plaintiffs took this appeal, assigning the foregoing decree for error.

*Mr. George Shiras, Jr.*, (with him *Mr. A. M. Todd* and *Mr. David Q. Ewing*), for the appellants.

Counsel cited: McCullough v. Fenton, 65 Pa. 418; Findlay v. Riddle, 3 Binn. 139; Langley v. Heald, 7 W. & S. 96; Eby v. Eby, 5 Pa. 461; Johnson v. Currin, 10 Pa. 498; Taylor v. Taylor, 63 Pa. 481; Fahrney v. Holsinger, 65 Pa. 388; Ingersoll's App., 86 Pa. 240; Hill v. Hill, 74 Pa. 173; Middleswarth v. Blackmore, 74 Pa. 414; Sheets' Est., 52 Pa. 257; Yarnall's App., 70 Pa. 335; 3 Jarman on Wills, Randolph & T.'s ed., 281.

*Mr. J. W. Donnan* (with him *Mr. A. Donnan*), for the appellees.

Counsel cited: Eichelberger v. Barnitz, 9 W. 447; Criley v. Chamberlain, 30 Pa. 167; Vaughan v. Dickes, 20 Pa. 509; Gast v. Baer, 62 Pa. 35; Lapsley v. Lapsley, 9 Pa. 130; Matlack v. Roberts, 54 Pa. 148; Clark v. Baker, 3 S. & R. 470; Hackney v. Tracy, 137 Pa. 53; act of April 27, 1855, P. L. 368.

OPINION, MR. JUSTICE STERRETT:

This case is ruled by Eichelberger v. Barnitz, 9 W. 447; Hackney v. Tracy, 137 Pa. 53, and that line of cases.

In the fourth item of his will the testator, Samuel Alexander, bequeathed and devised to his daughter, Elizabeth Alexander, "all the rest and residue of my estate, real, personal, and mixed, . . . . . to be held by her in fee-simple: Provided, nevertheless, that in case she should die without leaving lawful issue, then it is my will that the property above devised to her shall be equally divided amongst the children of my brother, Dr. J. W. Alexander."

In apt words, the devise over to the beneficial plaintiff and other children of Dr. J. W. Alexander, is made to depend upon the death of testator's daughter Elizabeth, "without leaving lawful issue," which, according to the established in-

terpretation of such expressions in a will, means a general, indefinite failure of issue, and not a failure at the death of the first taker. There is nothing on the face of the will to change the technical meaning of the word "issue," in the phrase above quoted, or to show that the testator meant "children," or issue living at a particular period, instead of the whole line of succession. It follows that Elizabeth Alexander took an estate in fee-tail, which, under the operation of the act of 1855, was enlarged to a fee-simple, and thus became subject to her testamentary disposition.

For these and other reasons, more fully stated in the opinion of the court below, there was no error in entering judgment, on the case stated, in favor of the defendants.

Judgment affirmed.