# Margaret A. Gilchrist v. Frank T. Empfield, Appellant.

*Will—Construction—Fee simple estate—Widow.*

Testator gave all the residue of his estate, real and personal, to his wife and her heirs. He directed that his wife should " properly educate " his children. He then directed as follows: " I will and direct that after the death of my said wife all the property hereby devised or bequeathed to her as aforesaid, or as much thereof as may then remain unexpended, shall descend to and vest in my son and my daughter and any other child or children that may hereafter be born to my said wife, and by me begotten." *Held*, that the widow took a fee simple in the real estate.

Argued Nov. 1, 1899. Appeal, No. 6, Oct. T., 1900, by plaintiff, from judgment of C. P. Indiana Co., Sept. T., 1899, No. 230, on case stated. Before Green, McCollum, Mitchell, Dean, Fell and Brown, JJ. Affirmed.

Case stated to determine the marketable character of real estate.

From the case stated it appeared that plaintiff entered into an agreement in writing with defendant for the consideration therein mentioned to sell and convey to said defendant a certain lot of ground, situate in the borough of Indiana, lately the property of Alexander Gilchrist, deceased. In consideration whereof defendant agreed to pay plaintiff $4,500 upon the delivery to him of a good and sufficient deed to said lot of ground, in fee simple, with covenant of general warranty, free from all incumbrances.

Defendant has offered to pay the said sum of $4,500, provided that plaintiff has a fee simple interest in the land described in the agreement, and can make to defendant a good and sufficient title therefor in fee simple.

If the court is of the opinion that plaintiff, by the will of her husband, Alexander Gilchrist, took an absolute estate in fee simple in the above described lot of ground, then judgment to be entered for the plaintiff, but if not then judgment to be entered for the defendant.

The material portions of the will are as follows:

" Third. I give, devise and bequeath unto my beloved wife, Margaret, and her heirs, all the residue of my property, real,

personal and mixed of whatever nature or kind soever, and wheresoever the same shall be at the time of my death.

"Fourth. I will and direct that my said wife, Margaret, shall properly educate my son, Harry White Gilchrist, and my daughter, Effie Gilchrist, and any other child or children that may be born to us hereafter, in a manner consistent with the size or amount of my estate.

"Fifth. I will and direct that after the death of my said wife, Margaret, all the property hereby devised or bequeathed to her as aforesaid, or as much thereof as may then remain unexpended, shall descend to and vest in my son, Harry White Gilchrist, and my daughter, Effie Gilchrist, and any other child or children that may hereafter be born to my said wife Margaret, and by me begotten, share and share alike, their heirs and assigns forever."

The court in an opinion by HARRY WHITE, P. J., entered judgment for plaintiff on case stated.

*Error assigned* was the judgment of the court.

*Frank Keener*, with him *M. C. Watson*, for appellant, cited Taylor v. Martin, 20 W. N. C. 27, Zimmerman v. Anders, 6 W. & S. 218, Urich v. Merkel, 81 Pa. 332, Urich's App., 86 Pa. 386, and Schmid's Est., 182 Pa. 267.

*John A. Scott*, for appellee, was not heard.

PER CURIAM, January 2, 1900:

We are clearly of opinion that the widow took a fee simple estate under her husband's will. The third clause is an absolute and unqualified devise of the whole residue of the estate in fee simple. There is nothing in the fourth clause to modify this in the least degree. The fifth clause is in language such as is often used in similar cases, and does not reduce the estate given by the third clause. It recognizes the right of the widow to expend such parts of the estate as she chooses, and only disposes of what is left. We have often held such devises to carry the fee, even where there has been no absolute provision to that effect. Moreover, the will in the fifth clause gives the unexpended residue to the same persons who would have taken

under the description of heirs, to wit: all the children of both the parents: Evans v. Smith, 166 Pa. 625, is almost precisely like this.

Judgment affirmed.