## Lewis *v.* Link-Belt Company, Appellant.

*Will—Dying without issue—Failure of issue—Act of July* 9, 1897, *P. L.* 213.

Under the Act of July 9, 1897, P. L. 213, a devise to a person during his natural life, and then to his issue, "but in the event of the death of the devisee without issue," then over, the words "death without issue," are to be construed to mean a want or failure of issue in the lifetime, or at the death of the devisee, and not an indefinite failure, and the devisee takes a life estate and not a fee under the rule in Shelley's case.

Argued March 30, 1908.    Appeal, No. 107, Jan. T., 1908, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1907, No. 2,702, for plaintiffs on case stated in suit of John Thomas Lewis and Florence L. Watson v. Link-Belt Company. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Reversed.

Case stated to determine the marketable title to real estate.

From the case stated it appeared that the words of the will of Louisa Lewis, out of which arises the controversy in this case, are as follows:

" I give and devise unto my beloved husband, James William Lewis, all my real estate and personal property . . . . for and during the whole term of his natural life and at the expiration thereof I give and devise the house and lot numbered 4009 Blabon Avenue in the City of Philadelphia unto my stepson, John Thomas Lewis, for and during the term of his natural life, but in the event of his death leaving issue said real estate shall go to and vest in said issue absolutely and in fee, but in the event of the death of John Thomas Lewis without issue then said real estate shall go to and vest in my stepson, Henry James Lewis, absolutely and in fee."

A similar devise was made to Florence Lewis, now Florence Lewis Watson, for premises No. 4011 Blabon avenue.

The husband, James William Lewis, is now dead, and the question is : What estates did the stepson, John Thomas Lewis, and the daughter, Florence Lewis Watson, take under these devises ?

The court, in an opinion by MARTIN, P. J., held that the plaintiffs took an estate tail which by the operation of the act of 1855, was converted into an estate in fee simple.    He accordingly entered judgment for plaintiffs in the sum of $4,500, being the amount which the defendant had agreed to pay for the real estate in question.

*Error assigned* was in entering judgment for plaintiffs on case stated.

*Hampton L. Carson*, for appellant.

*George Bradford Carr*, for appellees.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 23, 1908:

It is notable that an act making so serious a change in the previous law has received so little attention as the Act of July 9, 1897, P. L. 213. It entirely changes the presumption which formerly was in favor of an indefinite failure of issue and substitutes a statutory presumption that, in the absence of words indicating contrary intent, a definite failure is to be presumed. Its language is: " Section 1. Be it enacted, etc. That in any gift, grant, devise, or bequest of real or personal estate, the words ' die without issue ' or ' die without leaving issue ' or ' have no issue,' or any other words which may import either a want or failure of issue of any person in his lifetime, or at the time of his death, or an indefinite failure of his issue, shall be construed to mean a want or failure of issue in the lifetime, or at the death of such person, and not an indefinite failure of his issue, unless a contrary intent shall appear by the deed, will or other instrument in which such gift, grant, devise or bequest is made and contained." This is in accordance with the actual intent in the vast majority of cases and is a legislative step in the direction in which this court has been tending, to restore to its proper place the cardinal rule that actual intent is to prevail.

A strong argument was made to show that even under the old rule the intent here was to give the first taker only an estate for life. This is now supplemented by the statutory presumption and leaves no room for question.

The attention of the learned court below unfortunately was not called to this act.

Judgment reversed.