## George v. Pennsylvania Railroad Company, Appellant.

*Will—Construction—Devise.*

Testator devised his home property to his wife for life with remainder to a son, who at the date of the will was unmarried, and probably resided with his parents. In the second clause of the will he gave to the same son certain designated personal property and three separate lots of ground duly described. In succeeding clauses he gave real and personal property to his other children. Then he directed that in case of the death of his wife and of the son first named, without issue, that the property be sold, and the proceeds be equally divided among his grandchildren, and he further directed that the son named should provide for and support his mother. After the death of testator's widow, the son contracted to sell one of the lots devised to him in the second clause of the will. *Held,* that "the property" specified in the last clause of the will, referred only to the home property mentioned in the first clause, and that the son took an estate in fee simple in the real estate devised to him in the second clause.

Argued May 1, 1911. Appeal, No. 158, April T., 1911, by defendant, from order of C. P. Cambria Co., Sept. T., 1910, No. 517, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Lambert E. George v. Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover balance of purchase money of real estate. Before O'CONNOR, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Henry Wilson Storey,* for appellant, cited: Dilworth v. Schuylkill Imp. Land Co., 219 Pa. 527; Daniels's Est., 27 Pa. Superior Ct. 358.

*Philip N. Shettig,* with him *M. D. Kittell,* for appellee, cited: Mickley's App., 92 Pa. 514; Siegwarth's Est., 33 Pa. Superior Ct. 622; Smith v. Piper, 231 Pa. 378.

OPINION BY HEAD, J., July 13, 1911:

By a written article of agreement the plaintiff covenanted to convey to the defendant, by good and marketable title, a small lot of ground containing about a half an acre, in consideration of which the defendant agreed to pay the sum of $500. The plaintiff, alleging that he was able and willing to convey such title and had made tender of a proper deed, brought this action of assumpsit to recover the purchase money agreed on. The defendant, admitting its obligation and asserting its willingness to pay, denied that the plaintiff was able to perform his agreement or to convey a marketable title to the land covered by the article. The learned court below made absolute a rule for judgment for want of a sufficient affidavit of defense and this appeal follows.

The record exhibits the following facts about which there is no dispute: F. M. George, the father of the plaintiff, died in 1902 testate, seized of several parcels of real estate and also of personal property. He left to survive him a widow and a number of children. His will, executed in 1901, contains a number of paragraphs, each carrying a separate and distinct devise or bequest, and in order to make clear the exact point at which the present controversy arises it becomes necessary to give a brief

résumé of several of these paragraphs. In the first he
gives to his wife Mary the house and lot of ground oc-
cupied by them "during her natural lifetime and at her
death I give and bequeath it to my son Lambert E.," the
plaintiff. In the second paragraph he gives to his said
son Lambert certain designated personal property and
three separate and distinct lots of ground duly described,
one of which is the lot which the plaintiff subsequently
agreed to convey to the defendant as already indicated.
There is and can be no question but that under this
paragraph standing alone the plaintiff devisee took an
estate in fee simple in the property described therein. In
the third clause of the will he gives to his two sons,
Fletcher C. and the plaintiff, all of his books to be di-
vided equally between them. In the fourth he gives to
his son Robert a bequest of money. In the fifth he gives
to his son Fletcher certain real estate not previously
in any way disposed of. The seventh paragraph, the
construction of which will control the single question in
dispute, we quote in full: "Seventh. In case of the death
of my wife Mary and my son Lambert E. without issue,
I direct that the property be sold and the proceeds be
equally divided between my grandchildren; and I further
direct that my son Lambert E. provide for and support
his mother." The wife of the testator survived him
about five years and the plaintiff, who at the time of the
execution of his father's will and of his death was a single
man, has since married.

The appellant contends that the effect of the seventh
clause of the will just quoted was to cut down the estate
of the plaintiff, not only in the homestead property
devised to him and his mother in paragraph one, but in
all the real estate devised to him in any portion of the
will, thus including the separate devise made to him in
paragraph two, under which, as stated, he acquired such
title as he has to the land he undertook to convey to the
defendant. The appellee contends that under no proper
construction of the will as a whole could it be held that

the testator intended the language of the seventh clause to apply to anything else than the devise of the homestead property given to the wife for life with remainder to the plaintiff, then a single man. And further, that even if the language of the seventh paragraph could be read into the devise in the second clause, the devise over to the grandchildren would be predicated upon an indefinite failure of issue and the plaintiff would take an estate in fee simple.

As we have already seen, the testator died seized and possessed of both real and personal estate. Separate devises of the land are made to the different persons who were the objects of his bounty as well as separate bequests of money or other personal property. Looking then to the seventh paragraph we discover that in case of the death of the wife and of the son Lambert "without issue," the direction is that "the property be sold and the proceeds be equally divided between my grandchildren." To what did the testator intend to refer by the expression "the property"? Primarily the word "property" is broad enough to include both real and personal estate. It was said in Rossetter v. Simmons, 6 S. & R. 452: "Property signifies every species of property; it is nomen generalisimum, and comprehends all his (the testator's) earthly possessions." Now it seems to us plain enough that the testator could not have intended, by the language used in the seventh paragraph of his will, to disrupt the entire scheme of the distribution of his estate provided for in the previous clauses. And if he did not intend the words "the property" to be used in their widest legal sense and thus to include both real and personal estate, for the same reason we think he could not have intended them to apply to all of the real estate he had previously devised. In the fifth paragraph of his will he had given, as we have observed, to his son Fletcher certain lands and personal property. The devise and bequest therein contained are complete, distinct and without any qualification whatever. There is nothing to

indicate that the testator intended that any diminution of the estate therein granted should follow upon the death of the mother or brother of the devisee who were given no interest whatever in that portion of the property. Looking then at the second paragraph of the will, from the same viewpoint, we find the same separate and distinct character of a devise and bequest to another son, the present plaintiff. The mother was given no estate whatever therein, and again we are unable to see how it can be successfully argued that this devise was intended to be in any way dependent on the death of the mother without issue. The presumptions of the law which we call to our aid in doubtful cases lean always toward an absolute rather than a qualified estate. It seems to us they are more than usually potent in a case like the present one where there is a subject-matter to which the language of the seventh paragraph can be fairly applied, without interfering with the general scheme of division and distribution indicated by the will as a whole and without straining or doing violence to any line or letter of its entire contents.

We have already noted that in the very opening language of the will the testator devises his home property to his wife Mary during her natural lifetime with remainder over to his son Lambert. At that time the son was unmarried, probably residing at home with his parents. There is evidence in the will that the testator contemplated this property as a joint home for his widow and son as long as conditions should remain as they then were. Later on he directs that this same son was to provide for and support his mother, thus indicating that, in contemplation of the testator, his wife would survive him and his son would survive his mother. If then both remained unmarried and both died without issue, the testator would be but following an inclination, shared by perhaps a majority of men, that his home, as distinguished from other property he might accumulate, should remain in the line of his blood and go to his grandchildren.

We are convinced therefore that when the testator added the seventh paragraph to his will he had in view some further control over the home property which he had already devised to his wife and son, but did not intend that the separate devises of distinct properties to his various children in separate paragraphs of his will should be in any way affected thereby. We are of the opinion therefore that the learned judge below was right in holding that the plaintiff had a clear estate in fee simple in the property devised to him in the second paragraph of the will, and therefore that the defense set up in the present action was insufficient to prevent judgment.

This view of the case makes it unnecessary that we should consider the other line of argument advanced by the appellee. We have already indicated that the will itself contains language pointing strongly to the conclusion that the failure of issue therein referred to would not, in the contemplation of the testator, happen in his lifetime, nor even in the lifetime of his wife who was the first object of his bounty. Under this state of facts, and in the light of the recent case of Smith v. Piper, 231 Pa. 378, it would not be difficult to produce a very convincing argument to support the conclusion that there is nothing in the seventh paragraph of the will legally sufficient to cut down the estate in fee simple devised to the plaintiff in the second. But as we have concluded to rest our judgment on the other proposition which we have already elaborated, we need not pursue this question.

Judgment affirmed.