# Long's Estate.

*Wills—Construction—Trusts and trustees—Income—Principal
—Vesting of principal—Words and phrases.*

1. A direction in a will making division of the income of a trust estate therein created, among the beneficiaries, during the period of the trust, is in itself strong evidence of the vesting of the principal in such beneficiaries.

2. Where testator has used words sufficient to vest an absolute interest in the principal, he must indicate a fairly clear intention to take away the estate previously given, before a divestiture will be held by the courts.

3. Where a testator directs that a trust company shall have charge of all his shares in a corporation for twenty years, and make division of the income therefrom among seven persons named, "or to the survivors of them, and the issue of any deceased, who shall represent and take the respective shares both of principal and income falling to any of them who may be deceased," and at the expiration of the twenty years shall assign all such shares to the seven persons named, "or to the survivors of them and the issue of any deceased," the principal and income vest absolutely in the seven persons named, subject to the control of the trustee.

4. Such construction is strengthened where it appears testator physically struck out, after the word "shares," the words "of income," and inserted in place thereof the phrase "both of principal and income."

5. The expression "falling to," with its context, means the same as "given to."

6. After naming so many persons as legatees it is fair to assume testator contemplated some of them might die during his lifetime, and that this accounts for the substitutionary provision, as to survivorship, issue, etc.

7. When the actual intent of a testator can be fairly gathered from the words, the fact that another testator has used the same words with a different meaning is of no avail. Neither precedents nor rules of construction can override the testator's expressed intention.

*Appeals—Joint appeals—Orphans' court.*

8. Where a decree of the orphans' court affects several parties, they should take separate appeals, and not a joint appeal.

Argued March 9, 1921.  Appeals, Nos. 404 and 406, Jan. T., 1921, by Mary L. Mixsell, Eleanor B. Henderson and Mary C. Leinbach, legatees, in No. 404, and T. Campbell Fassitt, Admr. of Lucy J. Fassitt, a legatee, in No. 406, from decree of O. C. Northampton Co., overruling and sustaining exceptions to auditor's report.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Exceptions to report of R. S. Taylor, Esq., auditor. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

The court sustained exceptions filed by Lillian E. Jennings, executrix.  T. Campbell Fassitt, administrator of Lucy J. Fassitt, appealed.  The court dismissed exceptions filed by Mary L. Mixsell et al.  Exceptants appealed.

*Errors assigned* were disposition of exceptions and decree, quoting them.

*Edward J. Fox,* with him *James W. Fox* and *James W. Wilson,* for Mary L. Mixsell et al., appellants.—The will is to be construed in its entirety: Fox's App., 99 Pa. 386; Sheets's Est., 52 Pa. 257; Kreb's Est., 184 Pa. 222; Mulliken v. Earnshaw, 209 Pa. 226; Tyson's Est., 191 Pa. 218; Reck's App., 78 Pa. 432.

A legacy shall be deemed vested or contingent just as the time shall appear to have been annexed to the gift or the payment of it: Sternbergh's Est., 250 Pa. 167.

Where a direction in a will to pay or divide constitutes the bequest, the vesting of the interest itself is postponed, and not merely the possession or enjoyment of it: Rosengarten v. Ashton, 228 Pa. 389; Mulliken v. Earnshaw, 209 Pa. 226; Raleigh's Est., 206 Pa. 451.

*Robert A. Stotz,* for T. Campbell Fassitt, Admr., appellant.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* with
him *H. J. Kuebler,* for appellee.—It is true, as a general
rule, that where time or other condition is annexed to
the substance of the gift and not merely to the payment,
the legacy is contingent; but a well recognized exception
to this rule is that where interest, whether by way of
maintenance or otherwise, is given to the legatee in
the meantime, the legacy shall, notwithstanding the gift
itself appears to be postponed, vest immediately on the
death of the testator: Provenchere's App., 67 Pa. 463;
Harrar's Est., 244 Pa. 542; Reed's App., 118 Pa. 215.

The word "survivor" in a will is to be understood as
referring to the death of testator unless a contrary inten-
tion appears: Minnig v. Batdorff, 5 Pa. 503; Johnson
v. Morton, 10 Pa. 245; Passmore's App., 23 Pa. 381;
Ross v. Drake, 37 Pa. 373; Shallcross's Est., 200 Pa. 122;
Barker's App., 1 Sadler 324; McVey v. Latta, 4 W. N.
C. 524.

The law leans to vested rather than contingent estates,
and the presumption is that a legacy is vested: Mar-
shall's Est., 262 Pa. 145, 147; Tatham's Est., 250 Pa.
269; Smith's Est., 226 Pa. 304; Letchworth's App., 30
Pa. 175.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 16,
1921:

James W. Long died April 20, 1903, leaving a will
dated September 6, 1894. The 9th item, with which we
are concerned, provides, inter alia, as follows: "I direct
that.......the E. P. Wilbur Trust Company......, as
trustee, shall have the management, charge and control
of all my shares and interest in the Warren Manufactur-
ing Company, ......and shall continue to act as trustee
for and during the term of twenty years after my death,
collecting all the income, dividends and profits and mak-
ing division thereof as follows: to Eleanor B. Hender-
son, E. Orton Jennings, Doctor Charles. C. Jennings,
Stokes Long, Mary C. Leinbach, James W. Long and

Mary L. Boileau Mixsell in equal shares, or to the survivors of them, and the issue of any deceased, who shall represent and take the respective shares both of principal and income falling to any of them who may be deceased; and, at the expiration of twenty years after my death, the said E. P. Wilbur Trust Company shall convey and assure absolutely, all my. interest in the said Warren Manufacturing Company shares of stock therein, principal and corpus of this trust, to the said Eleanor B. Henderson, E. Orton Jennings, Stokes Long, Mary C. Leinbach, James W. Long, Mary L. Boileau Mixsell, ......paying over the principal to the above named, or to the survivors of them and the issue of any deceased, and such issue shall represent and take the respective shares of those deceased......" ·

The parts shown as omitted, toward and at the end of the above quoted matter, are words placing the one-seventh share of Charles C. Jennings in a spendthrift trust; they need not be further noticed at present, except to say that this legatee died without issue, in the lifetime of testator. The other beneficiaries, all of whom were nephews and nieces of testator, survived him and were sui juris at the time of his death.

A large block of the Warren Manufacturing Company stock was transferred, by the executors named in the will, to the E. P. Wilbur Trust Company, trustee; and, during the part of the twenty-year period which has expired, the trustee paid the income to those it considered parties in interest.

. One of the beneficiaries, E. Orton Jennings, died in 1909, leaving to survive him a widow, Lillian E. Jennings, whom he appointed executrix, and an only daughter, Lucy J. Fassitt, who died October 4, 1918. He gave all his estate to his widow; but, under the construction which the E. P. Wilbur Trust Company, trustee, placed on the will of James W. Long, deceased, it gave the income, during the period intervening between the death of E. Orton Jennings and that of his daughter, to the

latter. Mrs. Fassitt left no issue, and her husband, T. Campbell Fassitt, became her administrator.

The trust company filed an account as trustee, which was referred to an auditor, who awarded the income accumulated since the death of the daughter to her administrator; but, upon exceptions, the court below held that, under the ninth item of the will now before us, the interest of E. Orton Jennings, in both the principal and income there disposed of, vested absolutely in the beneficiary, subject to the control of the trustee, and accordingly awarded the balance of income on hand to Lillian E. Jennings, executrix.

The appellant, T. Campbell Fassitt, administrator of the estate of Lucy J. Fassitt, deceased, claims the award should have been made to him, upon the ground that, according to a proper interpretation of the Long will, on the death of E. Orton Jennings, the latter's interest passed to and became vested in his daughter. The other nephews and nieces, who also appeal, contend that, so far as the ownership of the principal is concerned, neither the view contended for by the first named appellant nor that adopted by the court below presents a proper construction of the will in question; they argue that the intention of testator was to preserve his interest in the Warren Manufacturing Company intact for twenty years, giving to his nephews and nieces, and the issue of those deceased, the income derived from this business during that period, and, at its end, the capital stock thus held to be divided among only such of his nephews and nieces and issue of those deceased as then survived.

The time set for a division of the corpus has not yet arrived; but, in order to decide who is entitled to the income now in controversy, it seems necessary to determine the ownership of the share, or proportion, of principal producing such income; this of course requires consideration of the will.

James W. Long evidently wanted his large holding in the stock of the Warren Manufacturing Company kept

together in the hands of some one in whom he had confidence for twenty years, and there can be no doubt that, —probably as a matter of financial or business expediency,—he intended the trust company, selected by him, to control this stock under an active trust, during that period: Schuldt v. Reading Trust Co., 270 Pa. 360. As to the equitable ownership, we agree with the court below that testator intended, on his death, his nephew E. Orton Jennings to become seized of a fee in both the principal and income of the share designated by the will as "falling to" him; the corpus to be transferred, free of the trust, at the end of twenty years. The expression "falling to," with its context, we take to mean the same as "given to."

In support of the construction adopted, it must be noted testator directs the trust company to make division of the income among the beneficiaries during the period of the trust, which in itself is strong evidence of the vesting of the principal in such beneficiaries (Provenchere's App., 67 Pa. 463, 466; Harrar's Est., 244 Pa. 542, 547; see also Groninger's Est., 268 Pa. 184, where we recently distinguished Rosengarten v. Ashton, 228 Pa. 389, relied upon by appellants); but, in addition, the words of the will sufficiently show such a vesting, for, after directing the division of income, testator in effect definitely says that those entitled shall "take the respective shares both of principal and income,"—which, in view of the trust, must mean that such shares shall be equitably vested in them pending their actual transfer. In this connection, it is of some significance that, in writing his will, testator physically struck out, after the word "shares," the words "of income" and inserted in place thereof the phrase "both of principal and income"; thus, on the very face of the document, indicating an intention to state plainly that those receiving the income should take the principal. Therefore, after in this manner using words sufficient to vest an absolute interest in the principal, testator must indicate a fairly clear in-

tention to take away the estate previously given before a divesture can be upheld; here no such intention adequately appears.

It is true testator says, in the part of the will which we have been discussing, that the income shall be divided between the persons designated by him in equal shares, or "the survivors of them and the issue of any deceased"; but it may be noticed the language is "the issue of any deceased," and not "any who may die." We agree with the court below that this means the property shall go to such of the seven persons named as may survive testator, and to the issue of any of them who predeceased him leaving issue. After naming so many persons as legatees, it is fair to assume testator contemplated some of them might die during his lifetime, and that this accounts for the substitutionary provision, as to survivorship, issue, etc., to which attention has just been called.

Where like words—"the survivors of them and the issue of any deceased"—occur later on, in connection with the direction to distribute the principal, we agree they are used in the same sense as in the prior part of the will, and do not indicate a desire, on the death of any of the beneficiaries within the twenty years, to divest their interests in favor of issue or, for want thereof, in favor of the survivors of a class; but the language thus employed presents simply a repetition of the designation of those who take vested estates at the death of testator, and a direction to actually divide the corpus among such persons at that time. In other words, the language in question should be read as though followed by the phrase "as previously stated," or some such expression; for this is the apparent intention of testator.

It must be admitted testator's purpose is clumsily expressed, but we are not convinced the orphans' court erred in interpreting his meaning. We have studied the entire will, but, as said by the court below, its other parts shed no helpful light on the item before us; this is true even of the separate trust created for Charles C.

Jennings in the item itself. We need only say, of the many authorities cited to us by counsel, that "precedents are of little value in the construction of wills, because, when used under different circumstances and with different context, the same words may express different intentions. When the intent of the testator, and by that is meant his actual intent, can be fairly gathered from his words, the fact that another testator has used the same words with a different meaning is of no avail. Neither precedents nor rules of construction can override the testator's expressed intent" (Redding v. Rice, 171 Pa. 301, 306) ; and this, in the present case, the court below correctly found from the will.

In the appeal of the administrator of Lucy J. Fassitt, deceased, the assignments of error are overruled and the decree is affirmed; this, in effect, disposes of the questions raised in the other appeal, which is dismissed, because joined in by three separate persons, each of whom should have taken a distinct appeal: McGlinn's Est., 270 Pa. 373. The appellants are ordered to pay the costs.