Ritchie *v.* Campbell et ux., Appellants.

Argued April 20, 1934.

Before TREXLER, P. J., KELLER, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Norman Martin* of *Martin & Martin,* and with him *J. W. McWilliams,* for appellants.

*T. A. Sampson* of *Stranahan & Sampson,* and with him *Matthews & Jamison,* for appellee.

OPINION BY TREXLER, P. J., October 3, 1934:

The will of G. W. Powell contains the following:

"Third: I give and bequeath to my wife, Melissa Powell all the balance of my property money in bank and all real estate of which I am now in possession, and it is my desire that should there be any property left at the demise of my wife Melissa that Russell Cooper be left—the remainder or what is left of the property." The widow, Melissa Powell, died March 25, 1930. In her will she left all her estate to her daughter, Eva L. Bartley, absolutely. On April 5, 1932, Russell Cooper, the person mentioned in the third clause of Powell's will, above set out, conveyed to the appellants Charles and Bertha Campbell, the real estate formerly owned by G. W. Powell. This had not been disposed of by Melissa Powell during her lifetime but, as already noted, was devised by her to her daughter, Eva L. Bartley. The latter conveyed the same to David M. Ritchie, the plaintiff-appellee, in the present case. Ejectment proceedings were brought by Ritchie against the Campbells, and the question arose as to which party had title to the land. Did Melissa Powell have the right to devise the real estate, or was the estate given to her under the will so limited that not having disposed of it by deed, during her lifetime, at her death it passed to Cooper? We need not cite any authority for the fact that the widow had the right to dispose of the property by

deed at any time. The right to consume imports that. The question is not had she the right to sell the property, but had she the power to dispose of it by will? The right to convey does not necessarily give the right to devise: Allen v. Hirlinger, 219 Pa. 56, 67 A. 907.

There are no dearth of cases upon the subject. The matter must be approached from two angles. We cite a part of the opinion of Justice SIMPSON, in Chestnut v. Chestnut, 300 Pa. 146, 151 A. 339; who quotes from Wettengel's Estate, 278 Pa. 571, "We have repeatedly held that where the dominant purpose shown by a devise is to vest a fee, this estate cannot be stripped of its inherent attributes by subsequent words [merely] indicating an intent so to do: Pattin v. Scott, 270 Pa. 49, 51, and cases there cited: Long's Estate, 270 Pa. 480, 485-6. On the other hand, we have probably as often held that, in finding the controlling intention, all the words used by testator should be taken into account, and, if the intent to restrict the gift is clear, it must be given effect: Smith v. Piper, 231 Pa. 378, 384; Schuldt v. Reading Tr. Co., 270 Pa. 360, 364; Edwards v. Newland, 271 Pa. 1, 4."

"Where words sufficient to vest a fee are first used in a devise, and those which follow apparently indicate a contrary intention, the court must in each case, after considering the whole will, decide as to the primary or general intent of the testator; if it be to give an absolute estate, then subsequent words expressing a secondary and particular intent cannot restrict the gift or strip the fee of its ordinary attributes (Walker v. Vincent, 19 Pa. 369, 371, 372; Doebler's Appeal, 64 Pa. 9, 17; Sanders v. Mamolen, 213 Pa. 359, 361; Breinig v. Smith, 267 Pa. 207, 210, 211; Pattin v. Scott, 270 Pa. 49, 51; Smith v. Bloomington C. Co., 282 Pa. 248, 251; Cross v. Miller, 290 Pa. 213), but if, after considering the will as a whole, the court finds that the devise expresses an unequivocal intent to give less

than a fee, and that what might otherwise be construed as a fee was intended only as a less estate, it must be held accordingly: Sheet's Est., 52 Pa. 257, 263; Urich v. Merkel, 81 Pa. 332, 335; Boulevard from Second St., 230 Pa. 491, 495; Field's Est., 266 Pa. 474, 477; Wettengel's Est., 278 Pa. 571, 573; Deeter's Est., 280 Pa. 135, 141; Kirkpatrick's Est., 280 Pa. 306, 310-11; Fairman's Est., 287 Pa. 334, 336." Reiff v. Pepo, 290 Pa. 508, 512.

In the present case in the beginning of the clause we have a devise of a fee. No words of inheritance are required. Act of June 7, 1917, P. L. 403, 407, Section 12, which was a reenactment of the Act of April 8, 1833, P. L. 249, Sec. 9. Our inquiry, therefore, must be as indicated above whether the words following the gift of the fee, limit it so as to reduce it to a life estate with power of consumption. If the words only express a wish by testator that his wife should distribute the unused portion of the estate in a specified way, then the presumption of a fee, arising by virtue of the Act of 1917, will ripen into a certainty; whereas if, by them, testator himself gives the unused portion to Russell Cooper, that gift will prevail over the presumption. In the words employed there is no expression of the thought that the property should be applied to her support. The thought of the testator seems to have been that irrespective of her needs she could dispose of it as she saw fit. The subsequent reference to Cooper that if any property was left it should be left to him was merely precatory, and indicated not a devise to him at the time the will was made, but something that should happen at the death of the widow. The appellee argues that a plausible explanation would be that he desired his widow to devise what was left to Russell Cooper. If there is any doubt as to what the testator intended, it must be resolved in favor of an absolute devise to the widow, the first

taker. Numerous cases are cited by the learned counsel representing the parties in the present suit, and the point of divergence leading to opposite conclusions may not always be easily discerned. Each will must be construed from its four corners, and a slight change in the language may disclose a different intention in one case from that in another. The appellant relies upon the case of Allen v. Hirlinger, supra. A reference to that case discloses that the widow was to use the proceeds of the estate devised during her natural life or widowhood. The court held that she could dispose of the estate to supply her living, but could not devise it by will. The intention of the testator there by the use of the term "natural life or widowhood" indicated that the sole purpose was to provide for her sustenance, and that when necessity for that disappeared by reason of her death, or marriage the remainder of the estate should go as he indicated. Another case relied upon by the appellant is that of Chestnut v. Chestnut, supra. There the provision was that if anything remained unused or not required for the support of decedent's sister then, "It is my will that such remaining interest or proceeds shall at her death be given, devised, bequeathed, taken and held by my brother, Daniel Chestnut," etc. The language there was much stronger than that employed in the present case, and shows that the provision was for the support of the sister, and if not required for that purpose the devise should go as indicated. On the other hand, the appellee has quoted a number of cases, which resemble the present quite closely in the language employed in which the court held that the first taker took a fee, and that it was manifest that the words employed showed that the dominant purpose of the testator was to devise a fee simple estate and that the language which followed indicated merely a subordinate intent to strip the estate thus given of one or more of its

inherent attributes. Pattin v. Scott, 270 Pa. 49, 112 A. 911; Long's Estate, 270 Pa. 480, 113 A. 675; Gilchrist v. Empfield, 194 Pa. 397, 45 A. 46, and a number of others all are to the effect that where a fee simple estate is given in the first instance the testator must indicate a clear intention to take away the estate before a divestiture can be upheld.

We agree with the learned judge of the lower court that the words used in the clause which we have construed were merely precatory, and Ritchie, the plaintiff and appellee, who was the alienee of the devisee under the will of the widow of G. W. Powell, has a valid title to the property in dispute.

The judgment is affirmed.