## Commonwealth v. Arnold

*Roy A. Gardner*, District Attorney, for Commonwealth.

*John B. Farr*, for defendant.

FARR, P. J., July 24, 1953.—On June 6, 1953, Harold Arnold was arrested by State Policeman William R. Davis upon view. The officer took defendant before Cecil Krewson, Jr., a justice of the peace of Tunkhannock Borough, and there lodged two complaints, one, that the defendant on said day did unlawfully park a Chevrolet sedan . . . upon North Bridge Street, at or about the hour of 9:50 a.m. (E.D.S.T.) in that he did then and there park the vehicle at a place where official signs have been erected prohibiting standing and parking. And further did park within a business district headed in the opposite direction to traffic and did obstruct vehicular traffic, contrary to section 1020, pars. 12 and 15, Act No. 403. He also charged in another information that Harold Arnold did unlawfully operate a Chevrolet . . . upon the highway at about the hour of 9:50 a.m., (E.D.S.T.) in that he did then and there fail to have in his possession an operator's license for the current year. Contrary to section "B, section 612, article 6, Act 403 and all amendments thereto."

Defendant waived a hearing and gave bail for his appearance and trial before a judge of the court of quarter sessions, as provided by the Act of June 29, 1937, P. L. 2329, sec. 3, 75 PS §734. The hearing before the court came on July 6, 1953, and at the close of the Commonwealth's case defense counsel moved the court to dismiss the matter for the reason that nowhere in the record nor in the evidence was it shown that the police officer was in uniform or exhibited his badge.

The provision of the act above quoted referred to is something new in our jurisprudence, having the quality of an appeal and a certiorari both. Judge Ross of the Superior Court in Commonwealth v. Gill, 166 Pa. Superior Ct. 223-227, said:

"We agree with the reasoning and the conclusion of the court in Com. vs. Myers, 22 D. & C. 586, where it was held that a defendant may waive a hearing and escape conviction by showing in the court of quarter sessions that the magistrate had not acquired jurisdiction over him. The court based its conclusion on the reasoning that clause (b) of section 1204, 75 P.S. 734 would have no significance if, when the case came to the quarter sessions, it could only be heard on its merits, since that relief is fully afforded under clause (a). The court stated that a proceeding under clause (b) is not an appeal but is intended to remove the whole case and is not intended to preclude the defendant from raising questions of jurisdiction in the quarter sessions."

We therefore will examine the question, whether failure to show in the information or to prove at the hearing, that the arresting officer was in uniform and exhibited a badge, is fatal to the proceedings.

The Act of June 22, 1931, P. L. 751, sec. 2, 75 PS §733, provides:

"Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating any of the provisions of this Act, where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in an injury or death to any person. . . ."

The Vehicle Code of 1929, as amended by the Act of April 28, 1943, P. L. 111, sec. 2, 75 PS §741, provides:

"Such employes of the Commonwealth as are designated as Pennsylvania State Policemen are hereby declared to be Peace Officers and are hereby given police power and authority throughout the Commonwealth to arrest on view, on Sunday or any other day, when in uniform, without writ, rule, order, or process, any person violating any of the provisions of this Act, in addition to any other power or authority conferred by law."

These sections seem confusing, apparently limiting State Police authority in the former and expanding it in the latter. This is rationalized by Judge Stadtfeld in Commonwealth v. Charles, 114 Pa. Superior Ct. 468.

A warrant is the ancient and ordinary process employed to make arrests. Article 4 of the amendments to the Constitution of the United States requires a warrant issued upon probable cause supported by oath in cases of search and seizure. The common law confined the arrest on view to felonies. And this was extended to breaches of the peace and finally by the above-mentioned act of assembly empowered State police to make such arrests. This was necessary because of modern transportation by automobile. Arrest without warrant in itself is process initiating the proceedings. If it were shown that the officer was not in uniform and did not exhibit a badge the justice would have no jurisdiction. In Commonwealth v. Smith, 81 D. & C.

543, Judge Greevy held that where it was shown that the officer did not exhibit a badge as provided by the act, the prosecution failed. In Commonwealth v. Caplan, 31 West. 211, the Court of Westmoreland County held that the record must show that the officer arresting was in uniform.

Where the proceedings are according to the course of the common law all presumptions save that of jurisdiction are to be resolved in favor of the regularity, but this rule does not necessarily obtain where the proceedings are statutory in summary convictions. If the officer was not in uniform it is perfectly apparent that the arrest was invalid. And when the case comes into court if there is nothing on the record or in the evidence to show that the officer was in uniform, and there being no presumption supporting the arrest, we are left to guess whether it was regular or irregular and being left in that position and the presumption of innocence favoring defendant, we are compelled to hold that the proceedings must fail, and therefore we find defendant not guilty.

There are other irregularities which we might mention: The one charging unlawful parking, and parking in a business district and headed in the opposite direction to traffic, these are separate offenses and must be charged separately. For the help of the justices of the peace we would suggest that it be made to appear in the information, where the arrest is on view, that the officer was in uniform and exhibited his badge at the time of the arrest. And where separate offenses are charged I would suggest that they be numbered as counts, as indictments are required to be numbered.

This opinion will apply to each of the two cases, namely June sessions, 1953, no. 13 and no. 14. Defendant is discharged as to each, the costs to be paid by Wyoming County.