## Livezey's Estate.

*Wills—Trust estates—Residuary bequests—Construction — Intention.*

A testator bequeathed "to my said wife the interest at six per cent. on the sum of ten thousand dollars to be paid to her half yearly by the trustees hereinafter named during the term of her natural life, the first payment of interest to be made in six months after my decease. Upon the death of my said wife the said sum of ten thousand dollars to be equally divided among my children, the issue of a deceased child receiving their parent's share." Testator then divided his residuary estate equally among his children and directed that the share of a certain daughter be held in trust for her. Upon the widow's death, the trustee for such daughter contended that her share of the $10,000 should be awarded to it as trustee. *Held,* the Orphans' Court did not err in awarding her share of the $10,000 to her directly, on the ground that the testator had given her and his other children an absolute estate in remainder in such fund.

Argued March 24, 1914. Appeal, No. 362, Jan. T., 1913, by The Commonwealth Title Insurance and Trust Company, substituted Trustee for Emma Eckert, under the will of Miers P. Livezey, deceased, from decree of O. C. Philadelphia Co., Oct. T., 1890, No. 215, dismissing exceptions to adjudication in Estate of Miers P. Livezey, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before GEST, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in an opinion filed by ANDERSON, J. The Commonwealth Title Insurance and Trust Company, Trustee, appealed.

*Error assigned* was in dismissing the exceptions

*Theodore F. Jenkins,* for appellant.

No paper book or appearance for appellee

PER CURIAM, May 4, 1914:

The testator made the following provisions for his wife, in addition to a bequest of $2,500: "I also give and bequeath to my said wife the interest at six per cent. on the sum of ten thousand dollars to be paid to her half yearly by the trustees hereinafter named during the term of her natural life, the first payment of interest to be made in six months after my decease. Upon the death of my said wife the said sum of ten thousand dollars to be equally divided among my children, the issue of a deceased child receiving their parent's share." He then divided his residuary estate equally among his children, directing that the share of his daughter, Emma Eckert, be held in trust for her. The widow is dead, and the fund for distribution before the court below was the above-mentioned sum of $10,000. The appellant, substituted trustee for the daughter Emma, asked that one-sixth of the same be awarded to it, to be held in trust for her as a part of her share of her father's estate. The court below awarded one-sixth to her directly, on the ground that the testator had given her and his other children an absolute estate in remainder in the said fund, payable on the death of his widow. In this construction of the will we concur. The share of the daughter which the father directed should be held in trust for her was her share in the residuary estate. The will is not to be read otherwise. In Small v. Small, 242 Pa. 235, relied upon by learned counsel for appellant, the testator, after providing for his daughter, directed in a codicil to his will that the principal of her share in his estate should be held in trust for her, and this, of course, included all that she took under the will. In the case now before us the testator was speaking only of his residuary estate when he directed that the daughter's share should be held in trust.

Decree affirmed at appellant's costs.