## Mullen's Estate.

*Wills—Construction—Restrictions upon original gift—Accrued shares—Intention.*

1. The rule that restrictions placed upon original shares do not extend to accrued shares, yields to the superior right of the testator to make such distribution of his estate as he may deem fit and proper.

2. In such case, the question is one of intent, and if it appears from the will that testator intended the accrued fund to follow a primary plan provided for the disposition of original shares, such intention must control.

Argued March 24, 1921.   Appeal, No. 360, Jan. T., 1921, by Josephine A. Stanton, legatee, from decree of O. C. Phila. Co., Jan. T., 1900, No. 616, dismissing exceptions to adjudication in estate of John A. Mullen, deceased.   Before Frazer, Walling, Simpson, Kephart and Sadler, JJ.   Affirmed.

Exceptions to adjudication of Gummey, J.

The opinion of the Supreme Court states the facts. ·

The court, in an opinion by Lamorelle, P. J., dismissed the exceptions to the adjudication.   See 29 Pa. Dist. R. 755.   Josephine A. Stanton, a legatee, appealed.

*Error assigned* was decree, quoting it.

*Michael J. Ryan*, for appellant.—Shares of devisees and legatees, dying before a given period, do not proprio vigore extend to shares accruing under that disposition:

Masden's Est., 4 Wharton 428; Penna. Co.'s App., 83 Pa. 312; Phila. Theological Seminary v. Wall, 44 Pa. 353; Devine's Est., 199 Pa. 250; Livezey's Est., 245 Pa. 230; Stille's Est., 69 Pa. Superior Ct. 56 Bruch's Est., 185 Pa. 194; Robert's App., 59 Pa. 70; Wood's Est., 261 Pa. 480; Millard's App., 87 Pa. 457.

*Clarence Eppelsheimer Hall,* for appellee.—The general devise of the residuary clause of the will directs a full and complete testamentary disposition of both the principal and income of the estate without the necessity of applying any artificial rule of construction to aid in its application: McDonald v. Dunbar, 20 W. N. C. 559; Whitaker's Est., 6 Pa. Dist. R. 140; Reck's App., 78 Pa. 432; Rouser's Est., 8 Pa. Superior Ct. 188.

OPINION BY MR. JUSTICE FRAZER, April 18, 1921:

Testator devised his residuary estate in trust to pay one-half the net income to his sister Mary T. Caraher, one-fourth to his sister Josephine A. Stanton and the remaining one-fourth to his sister Emma V. McLoughlin, each for the term of their natural lives, and directed that, after the death of each of them, their respective shares of the income should be paid to their children then living, until the youngest reached the age of twenty-one years, at which time the corpus should be divided equally among such children. The will further provided that if either Mary or Josephine die without issue the trustees were to pay over the share of the one so dying without issue to designated charities. As to the share of Emma, testator directed that, if she died without leaving issue, "then I order and direct the income to which she is entitled, to be paid in equal shares to my sisters Mary T. Caraher and Josephine A. Stanton, or their children, to be applied in the same manner as mentioned above in this residuary clause." Emma died in 1917 without issue and the court directed her share of the income to be thereafter paid in equal parts to Mary and Josephine. Mary

died in 1920, leaving issue, the youngest of whom has reached the age of twenty-one years, and the court below awarded to her children her original one-half interest, as well as the one-eighth share which she had received from her deceased sister Emma and awarded the other one-eighth to the trustees to pay the net income to the surviving sister, Josephine, for her life and to be finally distributed to her children, in accordance with the provisions of the trust relating to her share of the estate. She claimed, however, to be entitled to immediate possession of the share which came to her through her sister Emma and appealed from the decree of the lower court.

Appellant invokes the rule that restrictions placed upon original shares do not extend to accrued shares in absence of a clearly expressed intention to that effect; that no such intention clearly appears in the present will and that, consequently, the share of her sister Emma, which was divided between the two surviving sisters, vested absolutely and did not follow the trust in favor of her children, and, in support of her contention, cites and relies upon Masden's Est., 4 Wh. 428; Penna. Co.'s App., 83 Pa. 312; Phila. Theological Seminary v. Wall, 44 Pa. 353; Livezey's Est., 245 Pa. 230. This rule, like all rules relating to the construction of wills, must yield to the superior right of the testator to make such distribution of his estate as he may deem fit and proper. The question is, therefore, one of intent and if it appears from the will that testator intended the fund to follow the primary plan provided for disposition of the original shares, such intention must control. The evident intent of testator was to provide for the children of his sisters, as well as for the sisters themselves, and manifestly he intended them to participate in the entire residue, and, with this purpose in view, inserted the provision that the income of the deceased sister should be applied in the same manner as the original shares. We agree with the court below that the expression, "to be applied in

the same manner as mentioned above in this residuary clause," sufficiently indicates an intent that shares accruing by reason of the death of a sister should be subject to all the provisions relating to the original shares and appellant, consequently, is entitled to the income only.

The decree of the court below is affirmed at appellant's costs.