# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Edwards et al. *v.* Newland, Appellant.

*Will—Gift to wife—Residue—Power to consume—Power to convey in fee.*

Where a testator gives to his wife all of his estate real and personal, and directs that, upon her death, "the residue thereof shall be divided equally between" his two children, the wife has the power to consume all of the estate, and such power includes the right to convey the real estate in fee.

Hege v. Ickes, 267 Pa. 57, explained.

Argued May 3, 1921. Appeal, No. 69, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., April T., 1921, No. 604, for plaintiffs, on case-stated, in suit of Alice L. Edwards et al..v. Louis E. Newland. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Affirmed.

Case-stated to determine marketability of title to real estate. Before CARPENTER, J.

From the record it appeared that Alice L. Edwards, Viers D. Edwards and Mary Edwards Bernatz are plaintiffs, and Louis E. Newland is defendant in a case-stated to obtain a decision whether the former can convey to the latter a good and marketable fee simple title for a certain piece of land in North Braddock Borough, Alle-

gheny County, Pennsylvania, being twenty-one and five-tenths feet of lot 20, all of lot 21 and eighteen and five-tenths feet of lot 22, in Charles Mills Plan, Plan Book, vol. 8, page 108.

The case-stated shows: That Fred W. Edwards died seized in fee of the premises in controversy April 30, 1912, leaving to survive him the plaintiffs, his wife and two children, all of full age, having first made a will, dated April 29, 1910, which was duly probated, more fully described in the opinion of the Supreme Court which follows. The widow elected to take under the will. The two children entered into a writing, May 14, 1912, approved by their mother, in which they agreed that, if either died in the lifetime of their mother, leaving issue, such issue, if living at the death of the mother, should take what the deceased parent would have taken had she survived. Both of the children are married and have issue living; the widow has not remarried.

The widow and the two children, with the latter's spouses, executed a writing, on December 24, 1920, reciting that as the before-mentioned agreement, as to the succession of the issue of the two children, had been entered into without any valuable consideration passing, and under a mutual mistake as to their respective rights in the property of decedent, they therein agreed to revoke the writing in question.

On January 15, 1921, the plaintiffs, together with the respective spouses of the two children, entered into an agreement with defendant to sell him the before-mentioned real estate, he agreeing to purchase a good and marketable title in fee simple for $12,000.

January 25, 1921, plaintiffs tendered a duly executed and acknowledged deed; defendant refused to accept it, or to pay the purchase money, because, he alleged, on the above-stated facts plaintiffs could not legally convey to him the title they had contracted to sell.

The case-stated concludes with a request that, if the court be of opinion the parties plaintiff, together with

the respective spouses of Viers D. Edwards and Mary Edwards Bernatz, can convey a good and marketable title in fee simple to the real estate described, judgment shall be entered in favor of plaintiffs and against defendant in the sum of $12,000; but, if the court be of contrary opinion, judgment shall be entered against plaintiffs and in favor of defendant.

Judgment was entered for plaintiffs, **69 Pitts. L. J.** 433, and defendant appealed.

*Error assigned* was above judgment, quoting it.

*Charles A. Waldschmidt,* for appellant, cited: Martin v. Heckman, 25 Pa. Superior Ct. 451; Follweiler's App., 102 Pa. 581; Crick's Est., 35 Pa. Superior Ct. 39; Taylor v. Bell, 158 Pa. 651; Cox v. Sims, 125 Pa. 522; Fox's App., 99 Pa. 382.

*C. Wm. Campbell,* with him *George Weil* and *Herbert R. Hahn,* for appellees, cited: Morrison v. Semple, 6 Bin. 94; Jauretche v. Proctor, 48 Pa. 466; Second Reformed Church v. Disbrow, 52 Pa. 219; Hopkins v. Glunt, 111 Pa. 287; McIntyre v. McIntyre, 123 Pa. 329; Good v. Fichthorn, 144 Pa. 287; Boyle v. Boyle, 152 Pa. 108; Allen v. Hirlinger, 219 Pa. 56; Fassitt v. Seip, 240 Pa. 406; Kennedy v. Pittsburgh, etc., R. R. 216 Pa. 575; Henninger v. Henninger, 202 Pa. 207; Hege v. Ickes, 267 Pa. 57.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 26, 1921:

The collateral facts in this case-stated will be found detailed in the notes of the Reporter; for present purposes it is sufficient to call attention to the will of Fred W. Edwards, deceased, which appoints his wife sole executrix, directs payment of his debts, and contains but one other provision, as follows: "I hereby bequeath to my beloved wife, Alice Edwards, all my estate, real, per-

sonal and mixed, of whatsoever kind or wheresoever situate, and, upon the death of my wife, the residue thereof shall be divided equally between our two children, Viers D. and Mary Winona, or the survivor of either."

Appellant elaborately argues several points, but the view we take of the controversy reduces our labors to a consideration of the above-quoted testamentary disposition; for, if thereunder Alice Edwards had power to convey real estate, the deed tendered appellee grants a good title in fee simple, beyond attack by any one with color of title not brought into the present litigation, and, therefore, within our power to declare marketable.

Under section 9 of the Act of April 8, 1833, P. L. (1832-3) 249, which lays down the statutory rule that words of inheritance in a devise are not essential to pass a fee, it is plain that the first part of the above devise, standing alone, gives Alice L. Edwards an absolute estate in all of her husband's property; but, unless we gather from the whole provision that such was testator's dominant purpose, she does not take a fee simple title to real estate: Pattin v. Scott, 270 Pa. 49, and Schuldt v. Reading Trust Co., 270 Pa. 360. Hence we must look further.

Immediately after the devise to his wife, testator says that, upon her death, the "residue" of his property is to be divided between his two children, or the survivor. This, by itself, would show that he did not intend to give the widow an absolute fee simple estate, for, since others are to take the "residue," the original devisee could not make a valid devise of what might be left after using so much of the property as she needed (Allen v. Hirlinger, 219 Pa. 56, 60); but, considering the first part of the provision before us, which, standing alone, gives the wife her husband's whole estate, the latter part, disposing of the residue left at her death, certainly shows an intention to grant her power to consume all or any part of the property devised,—"real, personal and mixed" (Hege v. Ickes, 267 Pa. 57; Houser v. Houser, 268 Pa. 401,

403), and, when found, such power includes the right to convey real estate, passing a good title: Hege v. Ickes, supra, 59, and cases there cited.

The term "residue" may, of course, be used in the technical sense of "remainder," signifying an estate vesting in those who take after a life tenant, but we see nothing in this will to indicate a purpose so to employ it; on the contrary, as already ruled, in the present instance, we take "residue," with its context, to mean that testator, realizing his wife's needs might not require her to consume all his estate, intended whatever might be left unconsumed at her death should go as directed in his will, and not as she might provide in hers.

Our conclusion that the widow has the right to convey a good and marketable title in fee simple renders consideration of the questions arising out of the other facts set forth in the case-stated unnecessary.

The decisions mentioned in this opinion are not cited as binding authorities, for, as a rule, none are such when construing wills (Redding v. Rice, 171 Pa. 301, 306); but the cases we have noted are either illustrative of the point in connection wherewith they respectively appear or they contain relevant discussion, which is about the only aid prior decisions can afford in this class of litigation. We take occasion to correct an error of the Reporter in Hege v. Ickes, supra. The first paragraph of the syllabus states a holding that the wife had "an absolute fee simple estate"; whereas what we ruled was that she, as life tenant, had a right to consume the principal, and therefore power to convey an estate of the character mentioned.

The assignments of error are overruled and the judgment is affirmed.