## Fidelity Title & Trust Company *v.* Nibozin et al., Appellants.

*Decendent's estates—Wills—Life estates—Power of consumption—Estates in fee.*

A testator devised all his property, real, personal and mixed, to his wife, "to her and her heirs and assigns forever and after her death, whatever property there may be left shall be equally divided among my children share and share alike." He also gave her power to make good and sufficient deeds in the event of a sale.

The wife died intestate and it was claimed that a child by a second marriage could participate in the estate of her first husband.

*Held:* that the devisee took an estate for life with power to consume, and not an estate in fee.

No principle is better settled than that if a testator in one part of his will gives to a person an estate of inheritances of lands, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly. Both the admitted rules of legal construction and the statute regard a limitation over after the death of the first taker as evidence of an intention that the devisee or legatee of a prior estate, in order of enjoyment is to have no more than an estate or interest for life.

Stanton v. Guest, 285 Pa. 460, followed.

Argued April 29, 1926. Appeal No. 149, April T., 1926, by defendants, from judgment of C. P. Allegheny County, April T., 1924, No. 225, in the case of Fidelity Title & Trust Company, Guardian of Ferdinand P. Stief, a weak-minded person, v. Nicholas Nibozin and Eva Nibozin, his wife. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Action of ejectment for undivided 1-6 interest in real estate. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

·The court directed a verdict in favor of the plaintiff. Defendants appealed.

114   FIDEL. T. & T. Co. *v.* NIBOZIN et al., Appellants.

Assignment of Error—Opinion of the Court.   [88 Pa. Superior Ct.

[*Error assigned*, among others, was refusal of defendant's motion for judgment non obstante veredicto.

*W. C. McClure*, for appellants.—The wife took a life estate with power to consume:  Edwards et al. v. Newland, Appellant, 271 Pa. 1; Pattin v. Scott, 270 Pa. 49; Schuldt v. Reading Trust Co., 270 Pa. 360; McCullough's Estate, 272 Pa. 509.

The intent of the testator must be gathered from the consideration of all the provisions of will, and not from the provisions of one sentence alone:  Kirkpatricks Estate, 280 Pa. 306; Deeter Estate, 280 Pa. 135; Smith v. Bloomington Coal Co., 282 Pa. 248; Sheets' Estate, 52 Pa. 257; Urich v. Merkel, 81 Pa. 332.

*H. M. Ewing*, and with him *Moorhead & Knox*, for appellee.—The wife took an estate in fee simple and her son by the second marriage therefore inherited from her:  Allen v. Hirlinger, 219 Pa. 56; Good v. Fichthorn, 144 Pa. 287; Boulevard from Second Street, 230 Pa. 491; Field's Estate, 266 Pa. 474, 1 Jarman on Wills 416.

OPINION BY PORTER, P. J., July 8, 1926:

The plaintiff in this action of ejectment recovered a verdict and judgment for one undivided sixth of the land in dispute, and the defendants assign for error the refusal of the court below to enter judgment in their favor non obstante veredicto.  The question raised by this appeal is dependent for its solution upon the construction of the will of William Hirt, the material provisions of which are as follows: "I do give, devise and bequeath all my property real and personal and mixed of whatsoever kind and wheresoever the same may be found at the time of my death, unto my beloved wife, Hortensia Hirt, to her and her heirs

and assigns forever and after her death, whatever property there may be left shall be equally divided among my children share and share alike.  And to avoid misunderstanding it is my will, to grant my said wife full power and authority to sell or mortgage my said estate at any time she may see proper to do, and make good and lawful deeds or assurances for such purpose.''

Hortensia Hirt survived her husband and entered into possession of the property in question.  She subsequently intermarried with Peter Stief and as a result of this second marriage had one child, Ferdinand P. Stief, a weak-minded person of whom the Fidelity Title & Trust Company was appointed guardian.  Hortensia Hirt Stief died April 2, 1895, intestate, and without having disposed of the real estate in question. William Hirt left five children surviving him and all were living at the time of the death of Mrs. Stief, their mother.  The said five children executed and delivered a deed for the said property to Nikola Mamula and his wife, who subsequently conveyed the property to these defendants and the latter entered into possession of the property.  This action of ejectment was subsequently brought by the plaintiff averring that Hortensia Hirt took an estate in fee simple in the land under the provisions of the will above quoted and that Ferdinand P. Stief, upon the death of his mother, inherited one undivided sixth interest in the land, as one of her children.  The appellants contend that Hortensia Hirt took under the will a life estate with power to consume and that the widow not having disposed of the property during her lifetime the children of William Hirt took title to the land under the will of their father, the donor.

The first clause of the provision of the will above quoted, standing alone, would undoubtedly vest in the widow title in fee simple to the land, but that clause

is not to be segregated from the concluding words of the sentence of which it was a part. "No principle is better settled than that if a testator in one part of his will gives to a person an estate of inheritance of lands, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly. Subsequent provisions will not avail to take from an estate previously given, qualities that the law regards as inseparable from it, as, for example, alienability; but they are operative to define the estate given, and to show that what without them might be a fee, was intended to be a lesser right.......Both the admitted rules of legal construction and the statute regard a limitation over after the death of the first taker, as evidence of an intention that the devisee or legatee of the prior estate in order of enjoyment is to have no more than an estate or interest for life": Sheets' Estate, 52 Pa. 257. When the testator concluded the first sentence of the devise above quoted by directing that "after her death whatever property there may be left shall be equally divided among my children share and share alike," he clearly indicated that it was his intention that his widow should have the right to consume all or any part of the property devised, which power included the right to convey real estate, passing a good title: Edwards v. Newland, 271 Pa. 1. The testator in order to remove any doubt as to the power of his widow to sell real estate, if she found it necessary to do so, expressly declared it to be his intention, in the last sentence of the devise, that she should have that power. The grant of that power was not repugnant to the creation of a life estate: Henninger v. Henninger, 202 Pa. 207; McCullough's Estate, 272 Pa. 512. The principles established by the cases above cited have been frequently recognized by

decisions of the Supreme Court and the reasons for the rule have been so clearly stated and the authorities so fully reviewed by Mr. Chief Justice MOSCH-ZISKER in Deeter's Estate, 280 Pa. 135, that further citations are rendered unnecessary. This case is ruled by the recent decision of the Supreme Court in Stanton v. Guest, 285 Pa. 460. The testatrix in that case devised all her estate, real, personal and mixed to her husband, "to have and hold to him, his heirs, executors, administrators and assigns." This was the grant of a fee, in terms most positive and definite, but in the following paragraph of the will the testatrix devised unto her nephew and niece, "all of the estate real, personal or mixed, that I have hereinbefore given and devised to my said husband, that my said husband shall be seized or possessed of at the time of his death, and that he has not disposed of, to have and to hold to them equally share and share alike, their heirs, executors, administrators and assigns." The Supreme Court held that the husband took a life estate only, with power to consume. The opinion of Mr. Justice FRAZER, who spoke for the court in that case, so satisfactorily disposes of the question here involved that further discussion is unnecessary. The motion of the defendants for judgment notwithstanding the verdict should have prevailed.

The judgment is reversed and judgment is here entered for the defendants non obstante veredicto.