# Fairman's Estate.

*Wills—Life estate—Power to consume—Cutting down devise in fee—Intention—Dominant intention—Collateral inheritance tax.*

1. Where a testator in the first instance uses language suitable for the grant of a fee simple estate, but, by subsequent words, immediately following the devise, indicates a dominant intention to give only a less estate, the latter purpose will be upheld.

2. Where a testatrix gives all of her estate to her husband, "to him and his assigns forever," and immediately thereafter provides that "at his death if any is left I direct it to go to my sister [named] if living at the death of" the husband, if not then to her brother's children, the husband takes a life estate with power to consume.

3. In such case, if the whole inheritance tax on the estate has been paid after the death of testatrix, and the husband, on his death, leaves the whole estate derived from his wife to his wife's sister named in her will, no tax can be imposed upon the estate as though it passed under the husband's will.

Argued September 27, 1926. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 112, March T., 1926, by Commonwealth, from decree of O. C. Jefferson Co., Oct. T., 1925, No. 19, sustaining appeal from inheritance tax appraisement and setting aside the appraisement, in Estate of William M. Fairman, deceased. *Affirmed.*

Appeal from inheritance tax appraisement. Before DARR, P. J.

The opinion of the Supreme Court states the facts.

Appeal sustained and appraisement set aside. The Commonwealth appealed.

*Error assigned* was decree, quoting record.

*Charles J. Margiotti,* with him *Philip S. Moyer,* Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellant.—The will of testatrix

vested a fee in her husband: Allen v. Hirlinger, 219 Pa. 56; Huber v. Hamilton, 211 Pa. 289; Fidelity Trust Co. v. Bobloski, 228 Pa. 52; Jackson's Est., 179 Pa. 77; Robinson's Est., 282 Pa. 531; Smith v. Coal Co., 282 Pa. 248.

*W. E. Morris,* of *Mitchell & Morris,* for appellee.—W. M. Fairman took an estate for life with the power of consumption: Tyson's Est., 191 Pa. 218; Ludwick's Est., 269 Pa. 365; Allen v. Hirlinger, 219 Pa. 59; Woelpper's App., 126 Pa. 562; Sellers v. Myers, 56 Pa. Superior Ct. 207; Stanton v. Guest, 285 Pa. 460.

OPINION BY MR. JUSTICE WALLING, November 22, 1926:

Elizabeth P. Fairman, wife of W. M. Fairman, Esq., of Jefferson County, died May 1, 1921, her last will being as follows: "First. I give and bequeath to my husband, W. M. Fairman, all my property, personal, real and mixed, to him and his assigns, forever. 2nd. At his death if any is left I direct it to go to my sister, Mary A. Jefferson, if living at the death of W. M. Fairman, if not then to my brother's children, share and share alike. 3rd. I hereby appoint my husband W. M. Fairman, sole executor of this my last will and testament." W. M. Fairman, who survived his wife, died May 31, 1925, and his last will purports to give the property acquired, by virtue of his wife's will, to the same legatee, Mary A. Jefferson. The latter's title is unquestioned, the only point is under which will it vested; if under that of Mr. Fairman, it is subject to the transfer inheritance tax here claimed. Upon the death of Mrs. Fairman an inheritance tax was charged against her estate and paid. The trial court found her will conferred upon her husband a life estate with right of consumption, and what was not consumed, practically her entire estate, passed under her will to her sister, the appellee, not subject to be taxed as the husband's estate; thereupon the Commonwealth brought this appeal.

In our opinion the case was rightly decided. True, the language of the first clause of the will was sufficient to vest in Mr. Fairman a fee simple estate; the word "heirs" not being necessary in a will under the Act of April 8, 1833, P. L. 250 (4 Stewart's Purdon's Digest 5137), or as reënacted by the Wills Act of June 7, 1917, P. L. 407. It is also true that an estate devised in fee cannot by subsequent limitations be stripped of its legal incidents, like the power of alienation: Pattin v. Scott, 270 Pa. 49. But a will must be construed as a whole and if reasonably possible every word must be given effect (Ludwick's Est., 269 Pa. 365), and if by subsequent provisions it appears with reasonable clearness that, notwithstanding the fee simple gift implied from the language first employed, only a life estate was intended, such intention will control. See Long's Est., 270 Pa. 480; Fassitt v. Seip, 240 Pa. 406; Good v. Fichthorn, 144 Pa. 287. It is not a question of depriving an estate of its legal incidents but of what estate the will in fact gave the first taker. Doubtless Mr. Fairman might have disposed of the estate in his lifetime, but he did not, and the language in her will, "at his death if any is left I direct it to go to my sister," etc., is mandatory and not merely precatory. It is clearly testamentary language. No power is given the husband to dispose of the estate by will; otherwise the case would be in line with Robinson's Est, 282 Pa. 531. The trial judge properly held there was no controlling difference between the instant case and Stanton et al. v. Guest et al., 285 Pa. 460, which holds, "Where a testator in the first instance uses language suitable to the grant of a fee simple estate, but, by subsequent words, immediately following in the devise, indicates a dominant intent to give only a less estate, the latter purpose will be upheld." The reasoning of Mr. Justice FRAZER there and the authorities cited are equally applicable here and need not be repeated. In Wettengel's Est., 278 Pa. 571, the Chief Justice, speaking for the court, says (p. 573) : "We have repeatedly

held that where the dominant purpose shown by a devise is to vest a fee, this estate cannot be stripped of its inherent attributes by subsequent words indicating an intent so to do: Pattin v. Scott, 270 Pa. 49, 51, and cases there cited: Long's Est., 270 Pa. 480, 485-6. On the other hand, we have probably as often held that, in finding the controlling intention, all the words used by testator should be taken into account, and, if the intent to restrict the gift is clear, it must be given effect: Smith v. Piper, 231 Pa. 378, 384; Schuldt v. Reading Tr. Co., 270 Pa. 360, 364; Edwards v. Newland, 271 Pa. 1, 4"; reaffirmed in Deeter's Est., 280 Pa. 135, 141. See also McCullough's Est., 272 Pa. 509. Fidelity Title & Trust Co., Guardian, v. Nibozin et al., 4 Adv., p. 390, (Advance Reports for September 24, 1926) [88 Pa. Superior Ct. 113], states (we quote from the syllabus) that, "A gift of all testator's property to his wife, 'to her and her heirs and assigns forever and after her death whatever property there may be left, shall be equally divided among my children,' passed a life estate only with power to consume and any part undisposed of at her death goes to testator's children." These very recent decisions are so strikingly like the instant case as to render further discussion unnecessary. Appellee having received the estate as Mrs. Fairman's legatee, it is not subject to a transfer tax as property of Mr. Fairman.

The decree is affirmed.