## Goodin's Estate.

Argued December 1, 1937. Before SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*John B. H. Carter,* with him *Carlyle H. Ross,* for appellant, No. 235.

*John J. McDevitt, Jr.,* with him *Joseph M. Leib* and *John J. McDevitt, 3rd,* for appellant, No. 248.

*G. Levering Arnhold,* for appellee.

OPINION BY MR. JUSTICE DREW, January 3, 1938:

This controversy concerns the construction of the seventh paragraph, the residuary clause, of the will of Abigail G. Goodin, who died on October 20, 1918. By this paragraph she left one-half of the residue of her estate to Charles E. Goodin, her son, absolutely, one-fourth to her daughter, Eliza J. Goodin, for life and "upon her death, if she shall leave issue surviving her, . . . to . . . transfer the principal of said share to her issue, per stirpes, and if my said daughter Eliza J. Goodin shall die without leaving issue her surviving, then to pay and transfer the principal of her said share to my other two children, Charles E. Goodin and Mary A. Provan, in equal shares." The one-fourth share remaining was similarly given to Mary A. Provan with the gift over to Charles and Eliza Goodin. Eliza Goodin has died without issue, both Charles Goodin and Mary Provan having predeceased her. Donald Burke, grandson of Mary Provan survives.

It is assumed on all sides (an assumption warranted in view of *McGlinn's Est.,* 320 Pa. 389; *Neel's Est.,* 252 Pa. 394; *Packer's Est.,* 246 Pa. 116), that the interests of Charles Goodin and Mary Provan accruing on the death of Eliza Goodin without issue were vested, and so not lost by their own earlier deaths. Thus far it is also plain that those accruing interests were absolute. The controlling question in the case is whether the following sentence, the last in the seventh paragraph, reduces Mary Provan's accruing interest to one for life only: "Inasmuch as it is my desire, so far as possible, to have

my said daughter's share in said residuary estate held IN TRUST for them and for the lives of their issue, I direct that as to such of the issue of any of my daughters who may be living at the time of my death, and who may under the preceding terms of this will become upon the death of their parent entitled to shares of my estate, such shares shall not be paid to them, but shall be held by my said trustees, in trust, to pay the income to them respectively during their respective lives, and upon the death of each one of them, to pay the principal of his or her share to such issue as he or she may leave surviving, per stirpes, and in default of such surviving issue, to such persons as would be entitled, under the intestate laws of the State of Pennsylvania, had he or she died intestate, seized and possessed thereof." The auditing judge interpreted this sentence to mean that thereby Mary Provan's accruing interest was reduced from an absolute estate to a life estate, and that Donald Burke, her sole surviving issue, took a life interest therein in trust. The property was accordingly awarded to the Land Title Bank and Trust Company in trust for him and for his possible issue. The court en banc, however, held that Mary Provan's accruing interest remained absolute and made the award to her executors. Donald Burke, in his own behalf, and the Trust Company, representing persons yet unborn, have taken these appeals.

We think the interpretation of the court en banc was the correct one. We have said many times that an absolute gift, whether of real, personal, or mixed property, is not to be cut down unless the testator's intention so to do is clearly manifest: *Sarver's Est.,* 324 Pa. 349; *Byrne's Est.,* 320 Pa. 513; *Rapson's Est.,* 318 Pa. 587; *Lerch's Est.,* 309 Pa. 23; *Eichenlaub's Est.,* 307 Pa. 357; *Cross v. Miller,* 290 Pa. 213; *Fairman's Est.,* 287 Pa. 334; *Buechley's Est.,* 283 Pa. 107. In the present case the aid of this presumption is unnecessary; we find in the will no indication of intention to diminish the absolute interest of Mary Provan accruing on the death of

her sister without issue. The "Inasmuch" provision, quoted above, had for its sole object to apply trust and life restrictions to the previous gifts of one-fourth shares to the issue of each daughter. This was of course a reduction of what was previously given outright to issue. To hold that the provision goes further to reduce the apparently absolute interest of each daughter in what might accrue to her, to make an additional gift to issue, and to put restrictions on that, would infer from the clause more than it possibly carries. The "Inasmuch" clause in terms applies only to issue "who may under the preceding terms of this will become upon the death of their parent entitled to shares of my estate." Under "the preceding terms" there is no suggestion that a daughter was not to take her accrued interest absolutely. There is nowhere a gift to issue of any part of it, nor can one be reasonably implied. Moreover, as a principle of construction, restrictions on original shares do not apply to what may thereafter accrue unless the intent that they should do so is clearly expressed: *Masden's Est.,* 4 Wharton 428; *Stille's Est.,* 69 Pa. Super. Ct. 56; *Gibbons v. Langdon,* 6 Simons 260; *Ware v. Watson,* 7 De G. M. & G. 248; see *Livezey's Est.,* 245 Pa. 230.

The reasonableness of the interpretation we adopt is apparent from a consideration of a single contingency. Had both daughters died without issue, under the construction urged by appellants there would have been thereafter a complete intestacy of all not accruing to their brother. Under the interpretation we have outlined, intestacy would be impossible under any circumstance. Our endeavor is always to promote such a result and to resolve doubts, where they exist, against intestacy: *Rapson's Est.,* supra; *Ingham's Est.,* 315 Pa. 293, 296; *Fisher's Est.,* 302 Pa. 516, 521.

We find nothing within the four corners of the will to indicate even vaguely the intention appellants claim to find there. It is urged that by having said she desired

her daughters' shares ("daughter's share" in the will obviously means "daughters' shares") held in trust for their lives and the lives of their issue testatrix meant to include the accrued interest as well as the original. If she had such desire she certainly did not express it in her will. Instead she confirmed the prior dispositions, changing them only to the extent of placing restrictions upon what she expressly said she had already given to issue. She made no additional gifts to issue, and it is not claimed she meant to reduce a daughter's accrued interest to one for life and not dispose of what remained. The award to the executors of Mary A. Provan was entirely correct and will not be disturbed.

Decree affirmed, costs to be paid from the estate for distribution.