## Potter's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bol-, ger, and Ladner, JJ.

82

84

R. M. *Remick*, of *Saul, Ewing, Remick & Saul*, for exceptant.

*George Maxman*, contra.

SINKLER, J., September 22, 1939.—Upon careful consideration of the will which has been construed by the auditing judge, we find the direction in the fourth paragraph of the third clause of the will—the payment of the principal upon the death of either of his said children—unmistakable. In behalf of the surviving daughter, it is argued that the adjudication deprives her of

the share of income which her father evidently intended she should have. However meritorious this argument may be, the majority of the court is of the opinion that the auditing judge has correctly interpreted the will.

The exceptions are dismissed, and the adjudication is confirmed absolutely.

STEARNE, J., dissenting.—I cannot agree with the majority's construction of this will.

. The primary objects of testator's bounty were his two daughters. To these daughters he gave the whole of the income from his residuary estate and granted them a power of appointment over the principal. His gift of *income* to the two daughters was in unequal shares, depending upon whether the daughters were married or single. If single, such daughter was to "receive double the amount of income" received by a married or widowed daughter. It happened that one daughter was single and therefore received two thirds of such income, while the other daughter was married and received one third thereof. The income was payable "quarterly . . . [to the daughters] as may be living at each time of quarterly distribution. . . ." As to the corpus, testator provided: "In trust upon the decease of each said child of mine to pay over assign and convey [one half of the principal by appointment]". An anomalous situation is therefore presented: the single daughter enjoying two thirds of the income is entitled to appoint one half of the corpus, while the married daughter, entitled to but one third of the income was entitled to appoint one half the corpus.

The married daughter died and by her will appointed one half the principal.

The auditing judge ruled that it was testator's clear intent to terminate the trust upon the death of a daughter as to the part of the estate then directed to be distributed; that no life estate was given the daughters for their separate lives; that by plain implication the

life estate in the income as specified was "for the period during which they *both* should live". The adjudication awarded one half of the corpus to the appointees of the married daughters and directed that the remaining one half of the corpus be retained by the trustee to pay the single daughter the income therefrom for the rest of her life.

By this award two thirds of the income, theretofore payable to the single daughter, was reduced to one half, and solely because her married sister died. To my mind this is error. Such a construction is against the plain words of the will, and certainly contrary to the obvious intent of testator, reading the will as a whole.

Testator manifestly intended a single daughter to receive two thirds of the income for her life—not per autre vie—the lifetime of her married sister. Had testator intended to alter the quantum of the share of income upon the death of one of his daughters he undoubtedly would have so provided in unequivocal language. Having given a definite estate it requires plain language or necessary implication to reduce it: Rapson's Estate, 318 Pa. 587; Goodin's Estate, 328 Pa. 548. The intent of testator is to be gathered from the whole will: Williamson's Estate, 302 Pa. 462; Brennan's Estate, 324 Pa. 410. In ascertaining the intent and purpose of testator, if possible, the language should be harmonized so as to give effect to what apparently might be inconsistent: Mayer's Estate, 289 Pa. 407; Torchiana's Estate, 292 Pa. 470.

As I view the language of this will, testator intended equality between his daughters as to their appointment of principal—each one half. But while either or both were living a married daughter received but one third of the income, whereas the single daughter (who obviously required greater support) received two thirds of the income—twice as much as her married sister.

Technical rules of construction such as "pay and divide cases", cited by the auditing judge, fall in the face

of a disclosed intent. There would seem to be no possible reason, evident in this language, revealing testator's intent to take away from the single daughter one third of the income as theretofore given, in order that the appointment of the deceased daughter should be immediately effective in its entirety.

I would award only one third of the corpus (on which the deceased daughter had received her income) to married daughter's appointees, and would require such appointees to await the death of the single daughter before receiving the balance (one sixth), so that until the death of the single daughter she should continue to receive a full two thirds of the income.

Van Dusen, P. J., joins in this dissent.