## Lundy Estate

*Michael J. Maggio*, for petitioner.

WILLIAMS, P. J., November 7, 1953.—Plaintiff has petitioned for declaratory judgment with respect to the last will and testament of her deceased husband, Ezra W. Lundy.

### Findings of Fact

The court makes the following findings of fact:

1. That Ezra W. Lundy died January 10, 1945, testate.

2. That the last will and testament of Ezra W. Lundy is dated September 5, 1944, and registered in the office of the Register of Wills for Lycoming County in Will Book 28, page 275, and reads, in part, as follows:

"ITEM (1) To my wife, Coral A. Lundy, I hereby devise and bequeath all of the property, both personal and real, of which I may die possessed, for her own use and benefit, during her natural lifetime.

"I desire that my wife, Coral A. Lundy, also my executrix, dispose of all my real estate and personal property and convert the same into cash, with the exception of my home, situate in Loyalsock, now occupied as our home. Should my wife, Coral A. Lundy, desire to sell the home also, she is privileged so to do using her own judgment in the matter. The home as hereinabove mentioned includes all the contents of

the said home. The proceeds of the sale of my property are to be wisely invested by my said wife, as executrix and she is to enjoy the income from the said investments during her natural lifetime.

"Bonds, mortgages and all other securities of which I may die possessed of I desire to have transferred to my said wife and executrix, Coral A. Lundy. All the income from my estate is to go to my said wife during her lifetime. In other words, all my holdings of whatsoever nature or wheresoever situate, are to become the property of my wife, Coral A. Lundy, for her own use and benefit during her lifetime, principal and interest included.

"ITEM (2) At the time of the demise of my wife, Coral A. Lundy, I desire that the residue and remainder of my estate, of which she may die possessed of shall be equally divided, share and share alike, between my brother, Kenneth Lundy, and the following named sisters, Mrs. Helen Plankenhorn, Mrs. A. M. Weaver, Mrs. Fred G. Harer and Mrs. Erma Fischer.

"I hereby direct my wife, Coral A. Lundy, my executrix, to sell and dispose of all of my real estate, with the exception of my home in Loyalsock, which she may wish to keep. She is also, as my executrix, hereby empowered to make a deed or deeds for any and all of the real estate of which I may die seized, in as full and large a manner that I could do if living.

"ITEM (3) In case my wife, Coral A. Lundy, should again marry, it is my will and desire that the one-half interest in my entire estate be divided at once, equally, share and share alike, among my brother and sisters hereinabove named. My wife, Coral A. Lundy, is to retain her dower of the remaining one-half interest comprising my entire estate, for own use and benefit. In other words, she is to retain one-half of my estate and divide the other half equally among my brother and sisters, should she remarry."

## Discussion

Petitioner asks the court to determine her rights under the will of her husband. She desires the court to interpret the will in such a way that she may be able to sell real estate and apply the proceeds to her own use.

Scrutiny of the will shows that decedent intended to give his wife a life interest in his property unless she remarried. In the event of remarriage, then she would receive one half of the property absolutely.

In item (1) of the will, the decedent bequeathed and devised all of his property to his wife "during her natural lifetime". In the second paragraph of item (1), he allows his wife to dispose of his real and personal property but specifically directs that the proceeds of such sale is to be invested by her as executrix and she is to get from such sale the income "during her natural lifetime". In the same second paragraph, he mentions not only once, but three times, that the petitioner, his wife, is to receive this income "during her lifetime". Testator then provides that, on the death of his wife, the remainder is to go to his one brother and three sisters.

The petitioner argues, however, that the last sentence in item (1) of the will turns the devise and bequest into an absolute interest in her. This last sentence reads as follows:

"In other words, all my holdings of whatsoever nature or wheresover situate, are to become the property of my wife, Coral A. Lundy, for her own use and benefit during her lifetime, principal and interest included."

It is argued that the words "principal and interest included" pass a fee to Coral A. Lundy. In our opinion these words do not mean that a fee in the petitioner should be passed to her. Even though these words could be interpreted as being words of enlargement

as to the life estate, it has been held that in cases where the estate which is given is clearly a life estate, it will not be altered by general words which are apparently inconsistent therewith: Page on Wills, vol. 3, §1114. The will must be read as a whole, and in our opinion the intention of testator in this will was to give a life estate to his wife so long as she remains his widow. Testator clearly manifested an intention not to pass an absolute estate in his property to his widow but only the income during her life. This does not mean that she has no right to sell real estate, as the testator specifically gives this power. If she sells, however, then the proceeds are to be invested and she will receive the income from the proceeds.

Petitioner has cited Edwards et al. v. Newland, 271 Pa. 1. In this case, testator gave his wife all of his estate and then gave the residue to his children. There was no mention of a life interest. The clause of remarriage in the will of the instant case, in which, in that event, petitioner is to receive one half of the estate outright, was probably made in the light of the intestate laws at the time the will was written and in no way changes the meaning of the will which we feel clearly gives only a life estate, except in case of remarriage.

### Order

And now, November 7, 1953, the court orders, decrees and declares:

1. That Ezra W. Lundy, in item (1) of his last will and testament dated September 5, 1944, devised and bequeathed both real and personal property to his wife, Coral A. Lundy, for her own use and benefit during her lifetime.

2. That item (1) of said last will and testament gives the right in Coral A. Lundy as executrix to dispose of all real and personal property, but that the proceeds of such disposal are to be invested by said

Coral A. Lundy and that she is to enjoy only the income from the same.

3. That the residue and remainder after said life estate is to be equally divided between the brother and three sisters of Ezra W. Lundy.

4. That in case of her remarriage, Coral A. Lundy is willed a one half interest in the entire estate and the other half is to be equally divided between the brother and three sisters.

5. That the words "principal and interest included," in item (1) of said will, do not enlarge the life estate.

6. That all costs of these proceedings be paid by petitioner.