## Brown Estate

*Carl B. Deihm* and *William H. Mitman*, for accountants.

*William H. Mitman*, for exceptant, Lydia W. Brown.

MacElree, P. J., January 6, 1955.—By an adjudication dated October 28, 1954, the auditing judge directed that the balance shown by the account principal, $31,402.29, subject to the adjustment of the debits and credits allowed in the adjudication be awarded to Lydia W. Brown, Cochranville, Pa., one third of the balance of principal, and to the First National Bank of West Chester, trustee, for administration under the provisions of the will of J. Clyde Brown, two thirds of the balance of principal, all subject to the election of the surviving spouse within the period required by law or any extension thereof properly allowed.

And the balance shown by the account income, $336.39, together with any additions thereto, to Lydia W. Brown, life beneficiary.

Payment and distribution was decreed, with leave to the accountants to make any and all necessary assignments and transfers.

To this adjudication, exceptions were filed as follows:

The learned judge erred in:

1. Concluding as a matter of law that what testator intended was to create a trust for the benefit of his wife into which two thirds of his net estate should be placed and unless his surviving spouse desired to place the remaining one third in a voluntary trust that the trust should be administered for the benefit of his wife "and she to receive therefrom interest twice a year so long as she lives and remains unmarried."

2. Concluding as a matter of law that the question as to the right of the surviving spouse to seek relief from the trustee in the event of her needs is not before the court at this time.

3. Awarding two thirds of the balance of principal, subject to costs, to the First National Bank of West Chester, trustee, for administration under the provisions of the will of J. Clyde Brown, deceased.

4. Failing to conclude that the widow, Lydia W. Brown, received a general power of consumption of principal as well as of income, under the will of the deceased.

5. Failing to conclude that the question of the right of the surviving spouse to invade the principal of the estate of the decedent as her needs require is now before the court and failing to determine this issue in the adjudication hereinbefore referred to.

6. Failing to award the entire fund to the widow, Lydia W. Brown, without security, to enjoy as her needs require during her lifetime or until her remarriage, with remainder vested subject to divestment in the various legatees as named in the will of decedent.

By the terms of his will, decedent provided as follows:

"I do give and bequeath to my wife, Lydia W. Brown the Real Estate covered by the property at 636 South Walnyt St. West Chester, Pa. & our home property here in Chochranville, & all personal property I now hold or may at any future time may acquire. None of the above is to be given away as donations—gifts or rememberances to any one—But all to be used for her health and comfort,—Providing she does not remarry, as there not going to anyone blowing the money that Lydia & I worked to get & have to make an living.

The First National Bank of West Chester is to be her trustee to invest & reinvest any money she wants to invest from time to time. Only ⅔ of the total amount is to be in trust fund unless she desires. She is to have the priviledge of taking the portion she desires for her needs & to send her the interest twice a year with an itemized account of same. Same as they carrie in my "Trust Fund".

I desire Lydia W Brown—Frank E. Brown, Anna W. Allen to settle my estate. All my legal bills are to be paid first. When Lydia is done with it or at her death I desire it disposed of in the following manner:

$1000 to Faggs Manor Church, interest to be used as needed for repairs and improvements

$1000 to Faggs Manor Trus. to be used same way

$1000 to Masonic Home—Elizabethtown, Pa.

$500 to Faggs Manor Missionery Meeting

$2000 to Ruth M. Sweigart

2000 to Francis Harksins

2000 to Frank Brown (my uncle)

2000 to Paul Allen

2000 to Mary Allen

5000 to Anna W. Bair & everything in our dwelling

1000 to Truman K. Sweigart

1000 to Percy H. Bair

1000 to Harvey D. Webster

1000 to Annie W. Carr

1000 to Charles Allen

1000 to C. Patterson Webster

1000 to Kenneth Webster

$1000 to Mary Cordingly—Phila.

1000 to Helen Cordingly

500.00 to Phillis Sweigart

500 to Truman R. Sweigart

500 to George Harkins, Jr.—above is son of Francis Harkins

500 to Rev. M. M. Hostetter

500 to Ada B. Webster

500 to Norman L. Spencer

500 to Bertha R Spencer

500 to Ethel E Baker

500 to James R Allen

500 to C. Percy Webster

500 to Cochranville M. E. Church

500 to Lydianna Ewing

500 to Elizabeth Allen

500 to Clarence Webster

500 to Maxton Webster

500 to Lindsey Webster

500 to Laura Durnall
500 to Charles Durnall
500 to Ruth Allen
500 to Rev. M. W. Remaly
250 to Charlotte Carr
250 to Patricia Webster
250 to Marshall Allen

This does not seem to make quite the amount I was counting on. These figure may have to changed somewhat latter.

The above bequests are to be tax free or rather the estate is to pay the taxes and the way things are going now we cannot tell what the taxes on these will amount to, if there is enough to cover all, if not it is to be divided in proportion.

The residue, if any, well as the two houses are to go to Anna W. Bair.

This will was made at this time in case I was killed in an accident or Lydia and I were taken at the same time.

Carl B. Diehm is to be the Attorney whenever one is needed by the three Executors, if Uncle Frank is not here, Carl B. Diehm, West Chester is to be the third, replacing Uncle Frank,

Each witness to my will is to receive $10.00 for witnessing the same. Any one named in my will who has passed on is not to be given to heirs, to be divided equally among others here named.

s/ J. C. Brown"

As was noted in the adjudication, the court, sitting as auditing judge, is called upon to construe a layman's language, portions of which are inconsistent.

After exhaustive review in this matter, the court on exceptions to the adjudication has reached the conclusion that testator did not intend to give to his surviving spouse an estate in fee.

As auditing judge the court was of the opinion that decedent intended to create a trust for the benefit of his wife into which two thirds of his net estate should be placed and the remaining one third to his wife outright.

In a very able and comprehensive brief, both at the time of audit and on exceptions, counsel for the surviving spouse differ with the court while conceding that the widow should not get the estate in fee simple but contending that testator intended to give his estate to his widow to use as much of it as she required for her reasonable needs, so long as she remained unmarried, and that "when Lydia is done with it or at her death" the residue, if any, should pass to those named to receive the specific bequests in remainder

"The fundamental objective, of course, in the construction of wills is to give full effect to the testator's intention, in so far as that intention may be ascertained. . . .

"Courts have this duty in the last analysis, and cases, even in the same jurisdiction, which seem to be, on the one hand, completely parallel, or, on the other hand, in irreconcilable conflict, are really not so because in each instance the result reached is founded upon the court's decision, in view of all the circumstances, as to what the testator intended. . . .

" 'Cases on wills may guide us to general rules of construction; but, unless a case cited be in every respect directly in point, and agree in every circumstance, it will have little or no weight with the court, who always look upon the intention of the testator as the polar star to direct them in the construction of wills.' . . .

"The effort always is to determine the intention of the testator, and, unless public policy forbids it, to enforce that intention, so that in death his property may be faithfully disposed of according to his will"; Byrne's Estate, 320 Pa. 513.

Counsel for exceptant concedes that he has not been able to locate a case containing the exact language used by J. Clyde Brown and the court's independent investigation has disclosed no such case.

"Where the language of the whole will clearly indicates that a gift to A was in fact intended to be a life estate with power of consumption, and remainder over, it will be held to be such, even though the words of gift to A, standing alone, would import absolute ownership. Schmid' Est. 182 Pa. 267; Trout v. Rominger, 198 Pa. 91; Dickinson's Est. 209 Pa. 59; Allen v Hirlinger, 219 Pa. 56; Keown's Est. 238 Pa. 343; Fassit v Seip 240 Pa. 406; Stanton v Guest, 285 Pa. 460; Fairman's Est. 287 Pa. 334; Chesnut v. Chesnut, 300 Pa. 146; Brockley's App, 2 Sadler 569; Fidelity Title & Trust Co. v Nibozin, 88 Pa. Superior Ct. 113. See also Edwards v Newland, 271 Pa. 1; Wettengel's Est 278 Pa. 571"; Byrne's Estate, supra, 516.

A careful review of testator's will leads the court to the present conclusion that this is what decedent, J. Clyde Brown, intended as far as it is humanly possible to interpret the will.

Accordingly, the exceptions on behalf of Lydia W. Brown, widow of the decedent are sustained and the fund for distribution will be awarded in accordance with the following schedule of distribution (subject to the election of the surviving spouse within the period required by law or any extension thereof properly allowed, said election to first be recorded as provided by law).

The balance shown by the account principal, $31,-402.29, subject to adjustment of the debits and credits heretofore allowed, which composed as indicated by the account, subject to such distribution as may have heretofore been properly made, conformably to the provisions of decedent's will, the accountants are directed to assign, transfer, pay over and deliver unto: Lydia

W. Brown—Legacy, For life or until her remarriage, without security, with power to consume for her own health and comfort with remainders vested, subject to divestment, in the various legatees as named in the will of J. Clyde Brown, deceased, hereinbefore recited; the entire balance of principal, subject to any costs due the Clerk of Orphans' Court of Chester County, in connection with this adjudication.

The balance shown by the account income, $336.39, together with any additions thereto, subject to such distribution as may have heretofore been properly made, conformable to the provisions of decedent's will, the accountants are directed to pay over and deliver unto Lydia W. Brown, life beneficiary, the entire balance of income.

The accountants will submit a schedule of distribution, certified by counsel to be correct, and if distribution is made in kind, said schedule shall be approved by the parties in interest, which when approved by me, will be attached hereto and form part hereof.

And now, January 6, 1955, payment and distribution are so decreed with leave to the accountants to make any and all necessary assignments and transfers.