## Maykut Estate

*Smillie, Bean, Davis & Tredinnick,* for Joseph Maykut, executor.

*Fox, Differ & Honeyman,* for Walter Maykut, executor.

TAXIS, P. J., February 19, 1959.—The first and final account of Joseph Maykut and Walter Maykut, executors, was examined and audited by the court on January 7, 1959. . . .

A dispute has arisen between the coëxecutors concerning the proper interpretation of testator's will and particularly of paragraph ninth of this will which reads as follows:

"Ninth: The remainder of my estate be it real or monitary, I do, give, devise and bequeath unto my wife,

Pauline Maykut with the provision that the residue of the estate be given to my children, Walter Maykut and Frances Czop, after the death of my wife in such proportion or shares as may be specified by my wife, by means of a will to be written by my wife."

Decedent, Michael Maykut, died on February 7, 1958, leaving to survive him his widow, Pauline Maykut, and the following children: Joseph Maykut, Walter Maykut, Helen M. Tirpak and Frances Czop. Joseph Maykut and Helen N. Tirpak were children of a former marriage, and Walter Maykut and Frances Czop were children of the marriage of decedent and Pauline Maykut.

It is the position of coëxecutor Joseph Maykut that under paragraph ninth of the will the widow receives a legal life estate in personalty without a power of consumption, and that therefore under the terms of section 13 of the Estates Act of 1947,* the widow

---

* Section 13: "Limited estates in personalty and in the proceeds of the conversion of real estate. A person having a present interest in personal property, or in the proceeds of the conversion of real estate, which is not in trust, and which is subject to a future interest, shall be deemed to be a trustee of such property, and not a debtor to the remainderman, with the ordinary powers and duties of a trustee, except that he shall not be required to change the form of the investment to an investment authorized for Pennsylvania fiduciaries, nor shall he be entitled to compensation as trustee. Such person, unless given a power of consumption or excused from entering security by the terms of the conveyance, shall be required to enter such security for the protection of persons entitled to the future interests as the court in its discretion shall direct. If a person having a present interest shall not enter security as directed, the court shall appoint a trustee who shall enter such security as the court shall direct, and who shall exercise all the ordinary powers and duties of a trustee, except that he shall not be required to change the form of the investment to an investment authorized for Pennsylvania fiduciaries": Estates Act of April 24, 1947, P. L. 100, sec. 13, 20 PS §301.13.

should be directed to enter security for the protection of persons entitled to the future interests.

Walter Maykut, the other coëxecutor, agrees that the widow receives a legal life estate in personalty but contends that the widow has been given a power of consumption and, therefore, under the terms of the statute is excused from entering security.

After a careful reading of paragraph ninth and the will as a whole, I am convinced of the correctness of the latter position, namely, that testator intended his widow to have a power of consumption. The principal indication of testator's intent in this regard is his use of the word "residue" in paragraph ninth. The term "residue" is frequently used simply as a synonym for the word "remainder" to designate an estate vested in those after the expiration of the particular estate. However, in the present context it is apparent that the use of the word "residue" clearly evidences an intention on the part of this testator to give his widow a power of consumption in conjunction with her life estate. Realizing that his widow's needs might not require her to consume the entire estate, testator intended to dispose of the residue, that portion remaining unconsumed, at the time of her death. See Edwards v. Newland, 271 Pa. 1, for a similar interpretation of the word "residue."

Controversy has always arisen as to whether the widow's power of appointment over the remainder is limited to only Walter Maykut and Frances Czop or is intended to include all of the aforementioned children of testator. This question, however, has been raised prematurely. It is well settled that rights in remainder will not be determined until the life tenant's death: 1 Hunter, Pa. Orphans' Court Commonplace Book, p. 725, and cases cited therein.

Accordingly I conclude that testator provided a life

estate to his widow with a power to consume, and it is so awarded. No security to be required.

The net ascertained balance for distribution is awarded in accordance with the suggested schedule of distribution which is attached as a rider to page three of the petition for adjudication.

The account is confirmed, and it is ordered and decreed that Joseph Maykut and Walter Maykut, executors, as aforesaid, forthwith pay the distributions herein awarded.

And now, February 19, 1959, this adjudication is confirmed nisi.